## SHELDON vs. CARPENTER.

In the action for malicious prosecution, the plaintiff may recover not only for the unlawful arrest and imprisonment and the expenses of his defence, but also for the injury to his fame and reputation, occasioned by the false accusation.

And a recovery by the plaintiff in that form of action, is therefore a bar to a subsequent action of slander for the accusation uttered for the purpose of having the arrest made and on the occasion when it was made.

Where the plaintiff has recovered a verdict and judgment in an action for malicious prosecution, and subsequently brings an action of slander for uttering the charge which led to the arrest, the record of the recovery will prove, as between the parties, that a state of facts existed which authorized such recovery.

CARPENTER brought an action of slander against Sheldon in the common pleas of the city of New-York, and recovered a verdict for $9000. A motion for a new trial was made on bill of exceptions taken at the trial and denied. After judgment the defendant appealed to this court. The case is stated in the opinion of RUGGLES, J.

*G. Bowman*, for appellant.

*P. Y. Cutler*, for respondent.

RUGGLES, J. This was an action of slander against the [580] defendant for having charged the plaintiff with having passed counterfeit money. The words were proved to have been spoken apparently with a view, and for the purpose of causing the plaintiff to be arrested and taken from Rockland county to the city of New-York, where the defendant said he would make good the charge on the following day. The plaintiff was arrested upon this charge at the defendant's express request, and taken to the city of New-York and confined there in jail until the following day, when he was brought before a magistrate and accused of a different offence, but discharged from custody. No attempt was made to prove him guilty of having passed counterfeit money. The arrest and detention were without any legal warrant or authority. Upon the proofs given before the jury, there was no color for saying that the charge made by the defendant was made in the course of a lawful prosecution of the plaintiff by the defendant, or at his instance. But after the testimony on the part of the plaintiff was closed, the defendant offered on the trial in the court below to prove, that the plaintiff had theretofore prosecuted a suit against the defendant and others, for malicious prosecution in causing him to be arrrested and taken to New-York on the same charge of passing counterfeit money for which the present action of slander was brought, and that the plaintiff had in that suit recovered a verdict of $5000. This evidence was objected to by the plaintiff and rejected by the court, and the plaintiff recovered in the present suit a large verdict against the defendant. The question is, whether the evidence of the former recovery was rightly rejected.

In an action for malicious prosecution, the plaintiff is entitled to recover damages not only for his unlawful arrest and imprisonment, and for the expenses of his defence, but for the injury to his fame and character by reason of the false accusation. The latter indeed is, in many cases, the gravamen of the action. An accusation of crime, made under the forms of law, or on the pretence of bringing a guilty man to justice, is made in the most imposing and impressive manner, and may inflict a deeper in-

[581] jury upon the reputation of the party accused, than the same words uttered under any other circumstances. The most appropriate remedy for the calumny in such cases, is by the action for malicious prosecution. The injured party can not be entitled to two recoveries for the same cause, and a recovery in that form must, therefore, be a bar to a subsequent action of slander, for the same identical accusation. It seems to me, therefore, that the evidence of the former recovery ought not to have been excluded. If it be admitted that upon the facts proved in the present case the action for malicious prosecution could not have been maintained, the record of the former recovery ought nevertheless, to have been received, because as between these parties it would have been evidence of a different state of facts, namely, of such a state of facts as authorized the recovery in that action.

The judgment of the court below must therefore be reversed, and a new trial directed, with costs to abide the event of the suit.

JEWETT, J. dissented.

Judgment reversed.