SAMUEL J. ROCKWELL, etc., Respondent, v. GURDON H. BROWN, Appellant.

BAR. Where an action for malicious prosecution has been instituted, and prosecuted to final judgment, an action for slander for uttering the words in commencing the malicious prosecution will not lie. '

BAR. Where the accusation in the two cases is identically the same, the prosecution and judgment in the one case will be a bar to a prosecution in the other.

·But if they relate to different utterances, although alluding to the same general accusation, it is otherwise.

*McDowell & Edwards*, for the appellant.

*A. J. Parker*, for the respondent.

DAVIES, Ch. J. This action was commenced in January, 1860, to recover damages alleged to have been sustained by plaintiff, by reason of slanderous words spoken by the defendant.

The complaint alleges that, on the 19th of January, 1860, the defendant, in the presence of divers good citizens, etc., stated that the plaintiff stole his cow. The defendant denied the complaint, and set up other defenses in his answer, some in bar, and others in mitigation of damages. ·

The cause was referred by consent of parties, and tried before the referee, in October, 1861, who made his ·report in favor of the plaintiff, for fifty dollars damages, and judgment thereon was perfected for the plaintiff, and the same was affirmed at the General Term. The defendant now appeals to this court.

The following are the facts found ·by the referee : First, that the defendant spoke the words mentioned in the complaint at the time therein alleged. Second, that the words so spoken by the defendant were untrue. Third, that the words so spoken were willfully and maliciously spoken by the defendant. Fourth, that on the 9th day of April, 1860, plaintiff commenced an action against the defendant in the

Supreme Court, for a malicious prosecution of said plaintiff by said defendant, in causing said plaintiff to be arrested upon a warrant issued against him by James Comstock, Esq., a justice of the peace of Marathon, in the county of Cortland, upon the charge and accusation of having stolen a cow from the defendant.

That the charge and accusation of stealing, upon which said warrant was issued against the plaintiff, was a similar charge and accusation of having committed the same offense, which was made by the defendant in speaking the said words mentioned in the complaint. That the charge and accusation upon which said warrant was issued, although relating to the same transaction referred to by the defendant in speaking said words, was made previous to the speaking of said words by him. That the plaintiff prosecuted said action for malicious prosecution to trial and judgment, and upon the trial thereof, which took place at the Broome county circuit, in September, 1860, he had a verdict in his favor for $60, upon which judgment was duly entered on the 3d day of June, 1861, and the referee found as conclusions of law :

1. That said action for malicious prosecution, and the verdict and judgment therein, were no defense to this action, either in bar or mitigation of damages.

2. That the plaintiff had sustained damages in this action to the amount of $50, and that he was entitled to judgment therefor.

It is now contended on the part of the appellant that the recovery by this plaintiff in the action for a malicious prosecution by this defendant, is a bar to a recovery for damages for the words spoken, and the case of *Carpenter* v. *Sheldon* (4 Comst., 579) is relied on. But an examination of the facts of that case, upon which it was decided, will show that they are unlike those presented in the case at bar. There the slanderous words were spoken with a view and for the purpose of causing the arrest of the plaintiff, in Rockland county, and having him conveyed to the city of New York, where the defendant professed to be able to make good the charge. The plaintiff was accordingly arrested,

brought to the city of New York, lodged in jail, and the next day the charge was abandoned, and the plaintiff was accused of a different offense, but was discharged from custody. The plaintiff brought an action of slander for the words spoken, and on the trial the defendant offered to prove that the plaintiff had theretofore prosecuted a suit against the defendant and others for a malicious prosecution in causing him to be arrested and taken to New York *on the same charge* for which the present action of slander was brought, and that the plaintiff had in that suit recovered a verdict of $5,000.

The evidence was objected to and excluded, and this court held that such exclusion was improper. Judge RUGGLES, in delivering the opinion of the court, said : " In an action for malicious prosecution the plaintiff is entitled to recover damages, not only for his unlawful arrest and imprisonment, and for the expenses of his defense, but for the injury to his fame and character by reason of the false accusation. The latter, indeed, is in many cases the gravamen of the action. An accusation of crime, made under the forms of law or on the pretense of bringing a guilty man to justice, is made in the most imposing and impressive manner, and may inflict a deeper injury upon the reputation of the party accused than the same words uttered under any other circumstances. The most appropriate remedy for the calumny in such cases is by the action for malicious prosecution. The injured party cannot be entitled to two recoveries *for the same cause*, and a recovery in that form must therefore be a bar to a subsequent action of slander *for the same identical accusation*." The arrest of this plaintiff, for which on the 9th of April, 1860, he brought his action for malicious prosecution, was made on the 7th day of October, 1859, and he was discharged on the 9th day of October, in that year. The slanderous words for which this action is brought were uttered on the 19th of January, 1860. The recovery, therefore, in the suit for malicious prosecution, could not have been, and was not, for the same identical accusation. The plaintiff recovered on that suit not only for his unlawful arrest and imprisonment, but for

the injury to his fame and character by reason of the making of that false accusation. He recovered nothing for the utterance of the slanderous words after that prosecution had terminated. That furnished an independent cause of action, and the referee properly held that the recovery of damages in the action for the malicious prosecution furnished no bar to a recovery in this action.

It is insisted that the referee erred in excluding the offer of the defendant, to show, that when the plaintiff was arrested upon the charge for stealing the cow, and brought before the magistrate, he settled with the defendant for taking the cow, and was discharged without an examination.

I am unable to see how this evidence would have benefited the defendant if it had been admitted. It certainly did not tend, in any degree, to show that the plaintiff had stolen the cow, on the contrary, the inference would be from the offer, that the taking was to the extent a trespass, for which the parties settled. We cannot assume that the defendant offered to show that he compounded a felony, or that we could infer from the offer that the plaintiff admitted that he had committed one. But a conclusive reason for rejecting the offer is found in the fact that it related to a transaction which occurred several months prior to the speaking of the slanderous words, and the fact offered no justification for charging the plaintiff with theft. The offer would have been appropriate in the action for the malicious prosecution, but was properly excluded on this trial.

Josiah Hopkins, a witness for the defendant, on his cross-examination, was asked: "Did you tell him (plaintiff's father, Peter Rockwell), at his house, last July, that Brown told you that plaintiff stole his cow?" The witness answered, "I did not tell him so, I know what I did tell him."

The plaintiff then called Peter Rockwell, who testified that he knew Josiah Hopkins, he was at my house in July last. He was then asked this question: "Did Josiah Hopkins tell you in July last that defendant told him that plaintiff stole defendant's cow?" The defendant objected on the ground:

1. That the question does not confine the witness to any place of the alleged conversation. 2. It does not refer to the time when Hopkins had the conversation with Brown at Underwood's, testified to. 3. That it is immaterial. Neither of these grounds are tenable. Preliminary to the question, the witness had testified that he knew Hopkins, and that Hopkins was at his house in July last. The question was then put in the form above quoted. I think there was a sufficient indication of the place at which the conversation was had, and the whole answer of the witness points unerringly to the conversation at his house, of which Hopkins had been inquired about. The ruling of the referee falls within the doctrine laid down by this court in *Pendleton* v. *Empire Stone Dressing Company* (19 N. Y., 13, 18). The witness Hopkins had his attention called with reasonable certainty to the conversation with Rockwell, and it is manifest that the latter witness referred, in his testimony, to the same conversation of which Hopkins had been inquired about.

The judgment appealed from should be affirmed, with costs.

Bockes, J. The words charged in the complaint were slanderous, and were proved to have been uttered as charged. It was insisted, however, that the plaintiff had already recovered for the injury in an action against the defendant for malicious prosecution. But the case shows that the slanderous words counted on, and for which the recovery was allowed, were uttered more than three months after the cause of action for malicious prosecution arose.

The grounds of action were separate and distinct—were wholly disconnected one with the other—therefore unlike *Sheldon* v. *Carpenter* (4 N. Y., 578). These actions might have been joined in one; but it is no objection to a recovery that they were not.

The defendant, on his examination, testified that he made complaint against the plaintiff for stealing a cow, and that he was arrested and brought before the justice. He was then asked "How was the matter disposed of after plaintiff was brought before Esquire Comstock?" The question was not

allowed. In this ruling there was no error. How the matter was disposed of, either by the justice or by the parties, was of no importance in this action for slanderous words spoken three months afterward hence the evidence proposed was immaterial. If offered with a view to show an admission by the plaintiff that he did steal the cow, the object should have been stated, or the question should have been so framed as to suggest the purpose. If to show how the justice disposed of the complaint, waiving the objection of irrelevancy, it was a fact to be proved by the record. In any view that may be taken of it, the question was properly allowed.

The question put to the witness, Rockwell, with a view to affect the credibility of Hopkins, who had been examined on defendant's behalf, was, I think, admissible. Hopkins had denied telling Rockwell in July that the defendant said the plaintiff stole the cow. Rockwell was then called and asked if Hopkins did so tell him in July, and answered that he did. The subject-matter to which Hopkins had testified, and in regard to which it was proposed to contradict him, was relevant to the issue. The only question is, whether his attention was sufficiently directed to the conversation, in which he made the statement imputed to him. It has been long settled that it is not sufficient to inquire generally of a witness, with a view to affect his credibility by contradicting him, whether he ever made the specific statement, without naming person, time or place. His attention should be called to the occasion to enable him to explain, or exculpate himself in regard to the imputed contradiction. How specific the cross-examination should be in such case was considered by Judge DENIO in *Pendleton* v. *Empire Stone Dressing Co.* (19 N. Y., 13) where it was held that the occasion of the supposed conversation should be pointed out to the witness with reasonable certainty, as by indicating the place, the purpose of the interview or other circumstance likely to call it to the mind of the witness. As a general and safe rule of examination, the time and place as well as the person should be named; but it seems that each and all

of these are not absolutely essential, when the occasion is clearly indicated by other circumstances. In this case Hopkins was asked whether he told Rockwell at his house, in July, that the defendant said the plaintiff stole the cow. He answered, "I did not tell him so." He also stated that he did not tell him that last July. Here his attention was called to person, time and place in one instance, and to person and time in the other. The occasions were, therefore, sufficiently specified to admit of contradiction as to either statement within the rule laid down in *Pendleton* v. *Empire Stone Dressing Co.* above cited.

The judgment should be affirmed.

All the judges concurring,

Affirmed.