JOSEPH M. WOODS, Respondent, *v.* ZEBINA K. PANGBURN et al., Appellants.

If, after a recovery and satisfaction for one slanderous utterance or libelous publication, the same defamatory matter is uttered or published again by the wrong-doer, this is a new injury and another cause of action, and there may be another recovery and satisfaction from him.

So if, after a recovery against two jointly, one of them repeats the wrong there may be another recovery; and a satisfaction of the former recovery is not a satisfaction of the latter.

Where after a recovery against one person for a libel, an action is brought against other persons for the same libelous publication, and also for another, the two libels being set forth in different counts in the complaint, and a general verdict is rendered for plaintiff on all the counts, a satisfaction of the first judgment is a satisfaction of so much of the second as was for the same libel, and defendants are entitled to relief therefrom; but it is not a satisfaction for that part of the second recovery which was for the other libel.

Plaintiff recovered $1,000 against H. for three libelous publications, he then brought this action for the same and for two other publications in the same newspaper, the five causes of action being set forth in separate counts, and a recovery of $4,000 was had upon all the counts. Pending an appeal from this judgment the former judgment was paid, and ~~plaintiff~~ defendants thereupon moved to vacate the latter judgment. *Held*, that the motion was premature.

The General Term directed that the judgment be set aside, that the three counts upon the causes of action common to both actions be withdrawn and a new trial had as to the others. *Held*, error; that the court had

no power to vacate a judgment in which there was no irregularity and which had not been paid in full.

*Woods* v. *Pangburn* (14 Hun, 540), reversed.

(Argued December 10, 1878 ; decided December 20, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, modifying an order of Special Term which vacated the judgment herein and perpetually stayed all proceedings in the action. The order of General Term vacated the judgment, directed that the first, second and third counts in the complaint be stricken out, and that there be a new trial of the issues upon the fourth and fifth counts. (Reported below, 14 Hun, 540.)

The facts appear sufficiently in the opinion.

*Erastus Cooke*, for respondent. Each publication of the libel was a distinct cause of action entitling plaintiff to distinct damages. (*Thomas* v. *Rumsey*, 6 J. R., 30; *Tillotson* v. *Chatham*, 3 id., 56; *Rockwell* v. *Brown*, 36 N. Y., 207.) The rule that in case of separate actions against several defendants for a joint trespass a separate recovery may be had against each but can have only one satisfaction is not applicable to this case. (*Baker* v. *Wheeler*, 8 Wend., 505; *Berry* v. *Vreeland*, 1 Zabr., 183; *Suydam* v. *Jenks*, 3 Sandf., 614.) The record does not show an election *de melioribus damnis* by plaintiff. (*Livingston* v. *Bishop*, 1 J. R., 293.) Defendants by electing to proceed in this action could not abandon it and go back to the remedy they had deliberately waived. (*Medbury* v. *Swan*, 46 N. Y., 202; *Valkenburg* v. *Dederick*, 3 Den., 273.)

*George F. Comstock*, for appellants. Plaintiff having once been paid the damages he sustained by the publication of the libels he cannot obtain another recovery therefor from these defendants. (*Thomas* v. *Rumsey*, 6 J. R., 30; *Livingston* v. *Bishop*, 1 id., 290; *Sheldon* v. *Carpenter*. 4 N. Y., 580; *Rockwell* v. *Brown*, 36 id., 207; Townshend on Libel and Slander, § 119; *Watts* v. *Snow*, tried before PRATT, J.,

Jan. 11, 1878.)   The former adjudication was a bar as to all matters tried and which might have been tried under the issues formed by the pleadings.   (*Foster* v. *Miller*, 50 Barb., 393; *Le Guen* v. *Groveneur*, 1 Johns. Cas., 436; *Canfield* v. *Monger*, 12 J. R., 347; *Davis* v. *Talcott*, 12 N. Y., 184; *Southgate* v. *Montgomery*, 1 Paige, 41; *Bruer* v. *Howe*, 2 Barb., 586; *Hayes* v. *Reese*, 34 id., 151; *Vail* v. *Vail*, 7 id., 242; *Embury* v. *Connor*, 3 N. Y., 522; *Voohees* v. *Bk. of U. S.*, 10 Pet., 449; 2 E. D. Smith L. Cas., tit. Estop., 445, *n ;* *Outram* v. *Monwood,* 3 East, 346; *Etheridge* v. *Osborne*, 12 Wend., 399; *Duchess of Kingston Case*, 11 L. T., 261; 1 Phil. Ev., 223; *Burdick* v. *Post*, 12 Barb., 168; 6 N. Y., 522; *Barth* v. *Burt*, 17 Abb. Pr., 349; *Canfield* v. *Munger*, 12 J. R., 347, *Brinck* v. *Wood*, 43 Barb., 315; *C. and T. R. R. Co.* v. *Titus & Scudder*, 12 C. E. Green N. J.; *C. and E. Bridge Co.* v. *Sargeant*, 27 Ohio, 237; 30 Iowa, 433; 13 Ohio, 283; 1 Johns. Cas., 436; 25 Cal., 266; *Ewing* u. *McNairy*, 20 Ohio St., 322; 3 Comst., 511; 9 Wis., 23; 5 Sandf., 135; *Marsh* v. *Pier*, 4 Rawle, 288, 289; *Newton* v. *Hook*, 48 N. Y., 676; *Brown* v. *Mayer*, Ct. of App., N. Y. W. D., 119; 41 N. Y., 113; 48 id., 676; 1 Greenleaf on Ev., 566; *Brick* v. *Wood*, 43 Barb., 315; *Smith* v. *Weeks*, 263 id., 463.)   The maxim *"Nemo debet bis vexari pro una et eadem causa,"* can well be applied to the case at bar.   (11 Q. B., 867–870; 63 E. C. L. R.; Spencer, J., in J. R., 555.)   Defendants properly moved to vacate the judgment entered against them in this action. (*Wetmore* v. *Law*, 34 Barb., 515; *Gilchrist* v. *Comfort*, 26 How. Pr., 394–397; *Baker* v. *Judges of Ulster*, 4 J. R , 191; *Davis* v. *Sturtevant*, 4 Duer, 148; *Clark* v. *Rowling*, 3 Comst., 221, 226–227; *Thompson* v. *Hewitt*, 6 Hill, 224; *Headley* v. *Boehm*, 1 Hun, 305; *Lester* v. *Mundel*, 1 Bos. & Ril., 427; 2 Caines, 380; 1 J. R., 133; *Davis* v. *Sturtevant*, 4 Duer, 153.)

Folger, J.   The plaintiff sued one Hilton for libel, the causes of action being the publication in a newspaper of three

several articles, alleged to be defamatory. As a part of the same series, there were published in the same newspaper two other articles, also alleged to be defamatory of the plaintiff. He then brought his action of libel against the defendants in this case ; the causes of action — five in all — being the same publications alleged in the action against Hilton, and also the other publications above mentioned.

The action against Hilton was first tried, and a verdict given for the plaintiff for $1,000, and judgment entered thereon. Hilton took an appeal. While that appeal was pending, this action was tried, and a verdict for $4,000 was given for the plaintiff, and judgment entered thereon. The defendants took an appeal. While their appeal was pending, that of Hilton was decided, and the judgment against him was affirmed. He paid to the plaintiff the judgment on the verdict, and the judgment of affirmance, and all the costs. The defendants then moved at Special Term that the judgment entered on the verdict against them should be vacated.

The motion was made upon the alleged ground that the plaintiff had two recoveries for a single injury, and a satisfaction of one of them ; and that in such case, that is a satisfaction of both recoveries.

The principle is as claimed. There can be but one recovery against the same person for the same cause of action ; (*Sheldon* v. *Carpenter*, 4 N. Y., 579) ; and there can be but one satisfaction got from several persons for the same cause of action ; that is, for a single injury, though there may be several recoveries ; (*Thomas* v. *Rumsey*, 6 J. R., 31; *Livingston* v. *Bishop*, 1 id., 290.) Two may join in one wrongful act, and the injury is single, though their act is joint ; and there can be but one satisfaction therefor, though there may be two actions brought, and a recovery in each. But it may be queried whether there was not, in this case, more than a single injury. Though the libel may be the same ; that is, be an allegation of the same defamatory matter ; yet a different publication will give another cause of action ; (*Thomas* v. *Rumsey*, *supra*). Every publication must then be regarded

as a new and distinct injury.   If, after a recovery and satisfaction for one slanderous utterance or libelous publication, the same tort-feasor repeat the wrong, by the utterance or the publication again of the same defamatory matter, there is a new injury and another cause of action, and there may be another recovery and satisfaction from him ; (*Rockwell* v. *Brown*, 36 N. Y., 207.)   So if, after a recovery against two jointly or severally for a wrong, one of them do again the like wrong, there may be another recovery, and a satisfaction of the former recovery is not a satisfaction of the latter.

It appears here, that at about the time of the three joint publications by Hilton and the defendants in this case, of the defamatory matter ; the defendants, without Hilton, twice repeated the publication of the same accusation.   Here, as we have seen, were other causes of action, new and distinct injuries.   A plaintiff can be compelled to elect *de melioribus damnis* only when for a single injury he has had more than one recovery :  (1 J. R., 290; 6 id., 31, *supra.*)   If the plaintiff recovered of the defendants for a publication made by them without Hilton, he did not recover of them for the same injury for which he recovered of Hilton ; and if he recovered of them for the same publication made by them with Hilton, and also for the publication made by them without Hilton, he did not alone recover for the same injury for which he recovered of Hilton.   Does then the rule apply in full ; and was the satisfaction by Hilton for the recovery against him for the injury which he, jointly with the defendants, did to the plaintiff, a satisfaction for so much of the recovery against the defendants as was for the injury to the plaintiff done by them, in which Hilton did not join with them ?   If we suppose that at the same time with the action against Hilton for the three publications, the plaintiff had brought a separate action against the defendants for the same cause of action, and had recovered judgment in both actions, then we can see that a satisfaction of either judgment would have satisfied both.   But if, after bringing those two actions, the defendants, having without Hilton, repeated the libel,

he had brought actions against them for the new injury, another cause of action, for that alone, and had recovered judgments against them therefor, would satisfaction by Hilton of the judgment against him, or satisfaction by the defendants of the first judgment against them, have been a satisfaction of the second judgment against them ? Clearly not, for that judgment was not for the same injury ; there was more than a single injury. Is the result different, when instead of suing for distinct injuries in two actions, the distinct injuries are sued for with the same injury in one action, under different counts in the same complaint ? We think not. And that is the case before us. Though the case is somewhat complicated, we do not perceive that the rule is so broad as to force the plaintiff to lose his right to recover cf the defendants for the injury which they have done the plaintiff, distinct from that which they and Hilton jointly did to him.

This is upon the assumption that the damages on the causes of action arising out of the publications by the defendants without Hilton, have made a part of the verdict and judgment against them. It is however alleged by the defendants that the plaintiff has lost those causes of action by an abandonment of them on the trial. It is not needed that we inquire as to the legal effect of the facts claimed to exist, and on which, if true, this position of the defendants must rest. It does not appear in the record that the plaintiff abandoned at the trial any cause of action which he might have, on what we will call the subsequent publications. All that the plaintiff did, was to declare on the trial that he would accept the suggestion of the court, to confine the issue to the libelous charge of selling coal at short weights. He did not state that he abandoned any one or more of the counts of his complaint, but that he would consent that the inquiry upon all of them be confined to the accusations of selling at short weights, found in the articles set forth in any of the counts. So we understand it from the record. And we must assume that the jury found their verdict upon all

of the counts in the complaint, and awarded the amount of it for the damages sustained by reason of all the libels averred and set forth in it, in all of its counts. If that is so, a part of that amount is a recovery by the plaintiff for an injury and cause of action distinct from that for which he has received satisfaction from Hilton. And we have shown that he has a right to retain that, so far as at present appears.

On the other hand, it is clear that a part of the verdict was for the amount awarded by the jury for the damages sustained by the plaintiff by the libels published by the defendants and Hilton jointly, and for which the plaintiff has been satisfied. The defendants have a right to relief from that.

The result of the order of the General Term, if it is affirmed, possibly may be to preserve to both plaintiff and defendants those respective rights. But there are many contingencies; and the end which will be reached by the process prescribed cannot be foretold with any certainty. Besides that, had the General Term the power to vacate a judgment, in which there was no irregularity, and which had not been paid in full certainly, and of which it could not be said with exactness how much had been paid? As an arbitration of the matter between the parties, perhaps the disposition of it by the General Term is as good an one as can be obtained. Still, we are obliged to say whether it was legal, whether there resided in the court the power so to determine it. And we are not able to find that power there. Moreover, there was pending before it an appeal from the judgment; and the determination of that appeal might lead to a reversal of the whole judgment. In which case, the further progress of the action might, in regular course, lead to a result, to which no legal objection could be made. The defendants have not so abandoned their appeal from the judgment as that, on a denial of this motion made by them, they may not proceed with that appeal to the procuring of a new trial. If the decision upon it should be adverse, they are in no

worse position for invoking the power of the court than now.

On the whole then, we are of the opinion that the motion of the defendants is premature; and that the orders of Special and General Terms, made upon it, cannot be upheld as within the discretion of the court, nor as within its legal power. They must therefore be reversed; but under the peculiar circumstances of the case, without costs, in this court, to either party, as against the other.

All concur, except RAPALLO and ANDREWS, J.J., dissenting.

Ordered accordingly.