By the Court.—O’Gorman, J.
—It is averred by the plaintiff in his complaint and expressly admitted, or not sufficiently denied by the defendants, that on January 28, 1879, they duly executed jointly and severally a bond under seal whereby they obliged themselves to pay to the plaintiff any judgment that he might receive in an action then pending in the court, wherein said, Thomas Luce was plaintiff, and John G: Morrison, Theobaud Frohwein, Julius D. Alexander, and Magnus D. Alexander were defendants ; that all the conditions and terms of said bond on the part of the plaintiff were duly performed ; and that the plaintiff did, on December 14, 1880, recover in said action, judgment against said John C. Morrison for the sum of $1,118.95, being the amount of a verdict against him with interest, and. costs, and against said John C. Morrison, Theobaud Frohwein, Magnus D. Alexander, and Julius D. Alexander, for the sum of $388.84, being the amount of the verdict against them in said action, with interest and costs ; that the "sum of $388.84, with interest was paid to plaintiff on January 26, 1881, leaving the amount $1,118.95, due and unpaid.
The defendants, Magnus D. Alexander, and Julius D. Alexander, in their answer, admit these allegations of the complaint, but deny that there was a valuable consideration for the bond, and allege that the said judgment v/ns discharged by satisfaction on, or about Marcli 7, 1881; and also that the said judgment was improperly granted and without warrant of law.
The plaintiff’s counsel, at the trial of this action, put in *204 evidence the bond of the defendants, and after proving interest, rested his case. The defendants’ counsel thereupon moved for dismissal of the complaint, which motion was denied, and he "duly excepted. He then put in evidence a document executed by the plaintiff’s attorney, in which, (after setting forth the rendition of a judgment in said action on December 23, 1880, in favor of plaintiff against the defendant Morrison for $1,018.95, and against the other defendants therein for $388.84), he acknowledged payment of the sum of .$388.84, being the part so recovered against said Morrison, Frohwein, Magnus D. Alexander, and Julius D.. Alexander. Defendants’ counsel also put in evidence the record showing satisfaction of said judgment, in the sum of $388.84, on March 7,1881, and then rested his case.
The action was tried, by consent, by the learned Chief Judge of this court without a jury, and he adjudged that the plaintiff was entitled to payment in the sum of $1,018.95, with costs and allowances.
The objections of the defendants’ counsel, as presented in his requests to charge, and exceptions, and relied on in his printed points, are'as follows : 1. That the bond sued on is without consideration, and void.
This pbjection is not tenable. The plaintiff, in his complaint has alleged that the bond was executed by defendant for a valuable consideration. Sufficient consideration for the execution of a sealed instrument will be presumed, in the absence of evidence to the contrary. No such evidence appears in this case.
2. That payment of part of the judgment discharges the sureties on the bond.
The case cited by the counsel for the defendants (Woods v. Pangburn, 75 N. Y. 495), is not in point, and does not sustain defendants’ objection. Sections 1204-5 of the Code of Civil Procedure allow judgment to be given for or against one or more plaintiffs, and for or against one or more defendants, etc., and the court may render judgment against one or more defendants, and direct that the action *205 proceed against the others. There is no authority for the position that payment by one defendant of the amount for which he is adjudged to be alone liable, is a discharge of the judgment against other defendants, adjudged to be liable in another sum.
3. Defendants further claim that no action can be sustained against the sureties, unless it appears by the complaint, that plaintiff has exhausted his remedies as against the principal.
This is matter of defense, and should have been set up by the defendants in their answer.
The opinion of Judge Folger in Colgrove v. Tallman (67 N. Y. 99), does not sustain the contention of defendants’ counsel. In that case, it appeared in evidence, that the defendant, Tallman, had sold out his interest in a partnership to one Barnes, who agreed to pay the firm’s debts”. Tallman soon afterward notified the plaintiff, who then held an overdue note made by the firm, of his agreement, and requested him to collect it, which plaintiff failed to do. The court held that Tallman was by virtue of his agreement, in the position of surety for Barnes, and that the delay of the plaintiff to sue Barnes, on receiving notice from defendant, and defendant’s request that he should collect the note from Barnes, released the defendant. There is no dictum in the opinion of Judge Folger, and no suggestion in the argument of the counsel in that case, that the plaintiff was bound in his complaint to negative the charge of negligence, which was the defendants’ ground of defense.
It should be noticed that the allegations in the plaintiff’s complaint, that all the conditions, etc., on his part had been duly complied with, etc., is not denied by the defendants in their answer. The form of denial is incorrect and insufficient (Code Civ. Pro. § 500, Miller v. McCloskey, 1 Civ. Pro. Rep. 252, and notes).
The defendants’ objection that the judgment was invalid and improperly obtained, is not tenable. The validity of a judgment cannot be thus impeached collaterally.
*206 The remaining objections- presented by the learned counsel for the defendants, are overruled.
The judgment is affirmed, with costs, and the order appealed from is affirmed, with $10 costs.
Truax, J., concurred.