DOMINICK FALCO, Plaintiff, v. PENNSYLVANIA RAILROAD, Defendant.

Supreme Court, Trial Term, Kings County, December 13, 1951.

*George Green* and *Samuel Cooperman* for plaintiff.

*Conboy, Hewitt, O'Brien & Boardman* for defendant.

HART, J. Upon the trial of this action by the court without a jury to recover damages for personal injuries, the court directed that the issues relating to the affirmative defense of release be disposed of first. The facts essential to this decision as established by the proof are as follows:

Plaintiff, an employee of defendant railroad, was injured during the course of his employment on July 25, 1945. An action was shortly thereafter instituted by him against the Penn Stevedoring Co., Inc., to recover damages for those injuries. That action came on for trial before a court and jury in this county and during the course of the trial was settled for the sum of $5,750. In consideration of that sum, plaintiff executed a release wherein it was stated: "(1) Claimant does hereby remise, release and forever discharge Penn Stevedoring Co. Inc., *together with all other persons, firms and corporations,* of and from all liability to claimant on account of any and all injuries, damages and losses which have arisen, or may hereafter arise, caused directly or indirectly, either in whole or in part, by the aforesaid accident, occurrence, incident or event." (Emphasis supplied.)

Plaintiff some time after the receipt of the moneys paid in consideration of the release commenced the instant action against defendant railroad, his employer, predicating liability on the provisions of the Federal Employers' Liability Act (U. S. Code, tit. 45, § 51 *et seq.*). By paragraph ELEVENTH of the complaint it is alleged, and upon the trial plaintiff stipulated, that the Penn Stevedoring Co., Inc., and defendant, Pennsylvania Railroad, were joint tort-feasors.

Plaintiff offered no proof that the release executed to the Penn Stevedoring Co., Inc., was procured by fraud or executed by reason of mutual mistake.

From the recital of the foregoing facts, the conclusion is inescapable that defendant has sustained the burden of proof as to the matter set forth in its affirmative defense. It has long been doctrine, in this jurisdiction, that a general, unrestricted release of one joint tort-feasor is a bar to an action

against other joint tort-feasors (*Livingston* v. *Bishop,* 1 Johns. 290, 291; *Thomas* v. *Rumsey,* 6 Johns. 26, 31; *Barrett* v. *Third Ave. R. R. Co.,* 45 N. Y. 628, 635; *Woods* v. *Pangburn,* 75 N. Y. 495, 498; *Knapp* v. *Roche,* 94 N. Y. 329). Moreover, it is to be noted the instrument in the instant case in addition to releasing Penn Stevedoring Co., Inc., by its terms specifically released and discharged " all other persons, firms and corporations ".

Plaintiff contends that this principle of law has no application to the instant action urging that under section 5 of the Employers' Liability Act (U. S. Code, tit. 45, § 55) a railroad company may not frustrate an employee's action by procuring a general release.

The statute provides: " Any contract, rule, regulation or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter shall to that extent be void ".

A general release free from fraud or mutual mistake has been held to be effective to bar an employee's action against a railroad and not within the ambit of the statutory interdiction against a " contract, rule, regulation or device " relieving the employer from liability (*Callen* v. *Pennsylvania R. Co.,* 332 U. S. 625).

Plaintiff endeavors to distinguish the action at bar from the *Callen* case by stressing the fact that in that case the release ran directly to the employer whereas in the instant suit a joint tort-feasor was the recipient of the general release. This contention is totally void of merit. The opinion in the *Callen* case (pp. 630–631) states: " the releases of railroad employees stand on the same basis as the releases of others. * * * It is obvious that a release is not a device to exempt from liability but is a means of compromising a claimed liability and to that extent recognizing its possibility. Where controversies exist as to whether there is liability, and if so for how much, Congress has not said that parties may not settle their claims without litigation."

Since a general release has been held not to be a proscribed device when an employer is directly released, the reasoning underlying that conclusion is even more cogent when the employer is not a party to the release. The argument urged and rejected in the *Callen* case, that the release be treated as a nullity because of the disparity of bargaining power between the railroad and the employee, has even less force where the

negotiations are between the employee and a joint tort-feasor who is not the employer.

The validity of the release executed by the plaintiff has in no manner been impugned. Defendant, therefore, is entitled to judgment dismissing the complaint on the merits.