(Decided 20th March, 1868.)

AUGUSTUS F. SEEVERS *vs.* IRA T. CLEMENT.

*State Sovereignty — Courts of Foreign jurisdiction — Pendency of a suit in a Court of another State no defence to a suit in this State on the same Cause of action.*

While it is settled, that for all national purposes embraced by the Federal Constitution, the States and the citizens thereof constitute one government, united under the same sovereign authority, and governed by the same laws, yet in all other respects and for all other purposes, the several States retain their individual sovereignties, and with respect to their municipal regulations, are to each other foreign.

In legal contemplation the jurisdiction of the Courts of Pennsylvania is foreign to the jurisdiction of those of Maryland.

At the common law the rule is well established, that the pendency of a prior suit *in personam* in a foreign Court, between the same parties, for the same cause of action is no sufficient cause for stay or bar of a suit instituted in one of our own Courts, It is only the definitive judgment on the merits that will be considered conclusive.

This rule has been frequently and upon good and sufficient reasons declared to obtain in all its force, both by Federal and State Courts, in regard to actions pending in another State of the Union.

APPEAL from the Superior Court of Baltimore City.

On the 12th of November, 1859, the appellant caused an attachment on warrant to be issued out of the Superior Court

of Baltimore city, against the appellee on a promissory note for $859.65, and an open account of $24.90, with interest on $23.61, part of the latter, from the 3d of September, 1859. On the 15th November, the attachment was laid in the hands of garnishees and levied on property of the appellee. The latter thereupon appeared and dissolved the attachment by bond. The appellant subsequently filed a declaration, and on the following day, the 31st of January, 1861, the appellee pleaded that at the time of the institution of said proceedings a suit by the same plaintiff against the same defendant, upon the same cause of action, was pending in a Court of Pennsylvania. A written agreement was then entered into between the respective counsel, by which errors in pleading on both sides were waived, and the case was submitted to the Court upon the following statement and admissions therein made, from which the Court was authorized to draw all legitimate inferences, and the facts, so far as they might constitute a defence, as a ground of plea in bar or in abatement, were to be considered as duly and sufficiently pleaded by the defendant, and those on which the plaintiff was entitled to rely, properly declared on or replied by him, viz: "That on the 22d of September, 1859, the appellant instituted against the appellee in a Court of competent jurisdiction in Pennsylvania, a suit on the same promissory note; that the appellee was regularly summoned, and appeared by counsel; that the case was referred to arbitrators and their award rendered in favor of the appellant, on the 5th of November, 1859, which award, under the laws of Pennsylvania, had the effect of a judgment; that on the 10th of November the award was set aside and judgment struck out, and on the 16th the suit was, by order of the appellant, discontinued; that on the 12th of November, 1859, while said proceeding in Pennsylvania was pending, but after said award was set aside, these proceedings were instituted upon the same promissory note on which recovery was sought in Pennsylvania, and also for a balance of $24.90, claimed to be due on open account, and that the defendant,

after appearing and dissolving the attachment as before stated, duly and properly, on the 30th of January, 1861, filed to the declaration his plea of *lis alibi pendens,* which was verified by a production of the record, and it was agreed if the Court should consider the appellant entitled to recover upon that state of facts, judgment on the promissory note should be rendered in his favor, otherwise that judgment should be rendered for the appellee, both parties reserving the right to appeal." Judgment was rendered in favor of the appellee, and this appeal was prosecuted.

The cause was submitted on notes before BARTOL, C. J., NELSON, STEWART, MILLER, ALVEY and ROBINSON, J.

*Chas. Beasten, Jr.,* and *Chas. Marshall,* for the appellant:

The first question presented by the record is the general one, whether to a suit instituted by the appellant by foreign attachment in a Maryland Court, the defendant can plead in abatement, that at the time the suit was instituted, another suit for a part of the same claim was pending in a Court in Pennsylvania brought by the same plaintiff against him. The preponderance of authority against the plea of *lis pendens* in another State, even where the first suit is pending at the time of pleading in abatement, is very great. In Pennsylvania: *Smith, et al. vs. Lathrop, &c.,* 44 *Pa. State Reps.,* 326; *same case,* 3 *Am. Law Register, N. S.,* 107.

In this case the authorities are examined at length, and the law so far as Pennsylvania is concerned, finally settled against the plea. *Toland vs. Tichenor,* 3 *Rawle,* 324; *Lowry vs. Hall,* 2 *Watts & Sergeant,* 133; *Irvine vs. Lumbermen's Bank,* 2 *W. & S.,* 208.

In New York the same rule has been established by an unbroken line of decisions. *Bowne vs. Joy,* 9 *Johnson,* 221; *Walsh vs. Durkin,* 12 *Johnson,* 99; *Mitchell vs. Bunch,* 2 *Paige,* 606; *Cook vs. Litchfield,* 5 *Sanford,* 342; *Williams vs. Ayrault,* 31 *Barbour,* 364. In New Hampshire: *Goodall*

*vs. Marshall,* 11 *New Hamp.,* 99 ; *Smith vs. Atlantic M. F. Ins. Co.,* 2 *Foster,* 21, 24. In Connecticut : *Hatch vs. Spafford,* 22 *Conn.,* 485, 486 *and* 496, overruling *Hart vs. Granger,* 1 *Conn.,* 154. In Illinois : *McJilton vs. Love,* 13 *Ill.,* 494. In Kentucky : *Salmon vs. Wootton,* 9 *Dana,* 422. In Massachusetts : *Dictum in Lindsay vs. Larned,* 17 *Mass.,* 195 ; *in Com. vs Churchill,* 5 *Mass.,* 174, the two suits were pending in the same State. In *Colt vs. Partridge,* 7 *Metcalf,* 574, it is said that the sufficiency of such a plea has not been decided in Massachusetts In South Carolina : *Chatzel & Co. vs. John and Curtis Bolton,* 3 *McCord,* 33, 38. In Louisiana : *Stone, et al. vs. Vincent,* 6 *Martin, New Series,* 517, 4 *Condensed La. Reps.,* 41. In United States Circuit Courts : *Lyman vs. Brown,* 2 *Curtis C. C. R.,* 559 ; *White vs. Whitman,* 1 *Curtis C. C. R.,* 495 In *exparte Balch,* 3 *McLean,* 221, the two proceedings referred to by the Court, were proceedings in the Circuit Court of the United States for New York, and in the C. C. of the U. S. for Ohio. These were both Courts of the same country. *See* 2 *Parsons on Contracts,* 607, 608, 725, 726, *and authorities there cited.*

The case of *Renner vs. Marshall,* 1 *Wheaton,* cited by appellee, is a general declaration of the law, but it is not applied to the cases of suits in different jurisdictions. It was cited in several of the cases referred to by us in support of the plea, but was not considered as deciding the question. Moreover, this case was decided in 1816, before the Supreme Court had decided in *Buckner vs. Finley and Vanlear,* 2 *Peters,* 586, (decided in 1829,) that for all other than national purposes embraced by the Federal Constitution, the States are necessarily foreign and independent of each other. In *Brengle vs. McClellan,* 7 *G. & J.,* 443, the Court expressly decides that a judgment in Pennsylvania is treated in Maryland, so far as its dignity is concerned in the distribution of assets, as a *foreign judgment.* If so, the Pennsylvania suit in this case was a *foreign suit,* and the English and American authorities concur, that a *lis pen-*

*dens* in a foreign country cannot be pleaded in abatement of a suit here. What is said in the case of *The Bank of United States vs. Merchants' Bank of Baltimore,* 7 *Gill,* 429, as to the proper mode of pleading the pendency of a suit in another State, does not determine the efficacy of such a plea, and as to that case, was a mere *obiter dictum.* The sole question in that case was, whether a prior judgment recovered in Pennsylvania would merge a cause of action, so as to bar a subsequent suit in Maryland, for the same cause. It is submitted that this *dictum* cannot be regarded as settling the law in this State against the vast weight of authorities in other States, nor as overruling the decision of this Court in *Brengle vs. McClellan,* 7 *G. & J.,* 442, which establishes that the Pennsylvania suit was a foreign suit. And especially that this Court will not allow a suit in Pennsylvania to abate a suit here, when the former State would not give like effect to a suit in Maryland, pleaded in abatement to a suit in Pennsylvania. Nor will the consequences mentioned in the brief of the appellee follow from the adoption of the principle for which we contend.

If suits be brought for the same matter in two States, and judgment be recovered in one, it may be pleaded in the other *puis darrein continuance. Bowne vs. Joy,* 9 *Johnson,* 221; 2 *Parsons on Contracts,* 608, *note w.* We also contend that, as the defendant in this case was not summoned, and did not appear until after the suit in Pennsylvania had been dismissed, and did not plead until after that fact, the plea could not be sustained. We admit that a plea of *actio non* does not go to the time of plea pleaded, but to the time of suing out the writ, as stated in *Evans' Practice;* but this is a plea in abatement, not in bar. And we think that the remarks of the Court in *Agnew vs. The Bank of Gettysburg,* 2 *H. & G.,* 492, apply to a plea in bar, which is properly called a plea of *actio non,* and not to a plea in abatement, which is not a plea of *actio non.* 1 *Chitty's Pl.,* 460, 461. We maintain that the dissenting opinions

of MOILE and ASHTON, in the case referred to in *Common-wealth vs. Churchill*, 5 *Mass.*, 177, are the more reasonable, and are supported by *Green vs. Watts*, 1 *Lord Raymond*, 274; *Knight's case*, 2 *Lord Raymond*, 1014; 1 *Salkeld*, 329; 1 *Wentworth*, 8; *Marston vs. Lawrence and Dayton*, 1 *Johnson's Cases*, 397.

In a case tried before the late Chief Justice TANEY, in this Circuit, Wilson had sued Porter in Pennsylvania, and there was an award in the case, which, until set aside, was equivalent to a judgment.

While that award was standing. Wilson arrested Porter in Baltimore, in a suit brought in the same cause of action as that sued on in Pennsylvania. Porter afterwards sued Wilson here in the Circuit Court of the United States, for false imprisonment; and at the trial the Chief Justice gave the following instruction: "The award filed in the Pennsylvania Court was, by the laws of that State a judgment, and no suit could afterwards be maintained on the notes which were the subject of controversy in that suit, *while that judgment remained in force*, nor pending the proceedings to review it. There was, therefore, no legal probable cause for the institution of the suit in the Maryland Court, upon which the present plaintiff was arrested and detained, it appearing that at the time the suit was instituted, the defendant knew of the award in the Pennsylvania Court." We submit that the converse of this proposition is true, namely, that had there been no award at the time the suit was brought in Maryland, there would have been no objection to the latter suit.

*John H. Thomas* and *S. Teackle Wallis*, for the appellee, contended:

1st. That the pending of the suit in Pennsylvania, at the time of the institution of this proceeding, was a good plea and justified the judgment of the Court in his favor. *Renner vs. Marshall*, 1 *Wheat.*, 215; *Evans' Practice*, 1st *Ed.*,

204, 2*d Ed.*, 249; *Ex parte Balch*, 3 *McLean, U. S. Ct. Court Reps.*, 221; *Ralph vs. Brown,* 3 *Watts. & Serg.*, 399.

2d. The dismissal of the suit in Pennsylvania before the filing of his plea in this one makes no difference. It was not dismissed till the 16th of November. It was pending on the 12th, when this attachment was issued, on the 15th, when it was levied. The principle is that a party shall not be harrassed in two proceedings at the same time for the same cause of action. It is impossible to imagine a more flagrant violation of that principle than to impound his credits and take his property under an attachment while another suit is pending for the same claim. Both harrass him and both require his attention at the same moment. *Evans' Practice*, 1*st Ed.*, 205, 2*d Ed.*, 250; 1 *Chitty's Pl.*, 488, *note*; 1 *Saunders' Pl. and Ev.*, 22, *marginal, page* 23; *Commonwealth vs. Churchill*, 5 *Mass.*, 174; *Parker vs. Colcord*, 2 *New Hamp.*, 36; *Toland vs. Tichenor*, 3 *Rawle*, 324.

3d. That they were pending in Courts of different States, was an aggravation rather than a mitigation of the evil. The practical inconvenience would have been less to him if they had both been in the same State. The States of the Union are not regarded as foreign countries in their relation to each other. The judicial proceedings of each one are entitled to full faith and credit in every other. A judgment in one is a judgment in every other. It merges the simple contract on which it is founded, so that *assumpsit* can no longer be maintained on it in the Courts of any other State. It would be illogical to give to the judgment of a Pennsylvania Court the same efficacy as to that of a Maryland Court, and take no notice of the suit on which it is founded, or in which it is sought. *Bank of United States vs. Merchants' Bank of Baltimore*, 7 *Gill*, 415, 427.

In *Lyman vs. Brown*, 2 *Curtis' C. C.*, 559, in which the Court decides that the pendency of a suit in a foreign country is not pleadable in abatement, and says, *obiter dictum*, the same in reference to a suit in a sister State, it also says (pp. 560

and 561,) that if both suits can be pending at once, the plaintiff ought to be allowed to pursue them both to judgment, and that judgment in one should be no merger of the simple contract sued on in the other. Those Courts, therefore, which hold that both suits cannot be prosecuted to judgment, or that judgment in one is a merger of the simple contract sued on in the other, will, as a logical consequence, hold that the two suits cannot be carried on at the same time; that the pendency of the first is pleadable in abatement of the second. The case of *Bank of United States vs. Merchants' Bank of Baltimore*, 7 *Gill*, 415, 427, has established that a judgment obtained in a Pennsylvania Court, after the institution of a suit on the same cause of action in one of our own Courts, operates as a merger, and that the latter suit cannot be prosecuted to judgment. In this Court, therefore, it would seem to be settled, whatever may be the doctrine elsewhere, that the pendency of a suit in a Court of another State is pleadable in abatement of a suit subsequently instituted in a Court of our own State.

4th. That the suit here embraced a claim of $24.90, in addition to that sued on in Pennsylvania, does not affect the validity of the plea. The additional claim was not sufficient in amount to sustain the jurisdiction of the Court. *Buffum vs. Tilton*, 17 *Pick.*, 510.

ALVEY, J., delivered the opinion of this Court.

By admission and agreement of parties, the only question raised, to be decided on this appeal, is as to the effect of the pendency of the suit in the Court of Pennsylvania, at the time of the institution of this cause in the Court below, both proceedings being between the same parties, and on the same cause of action. The specific question is, whether the defendant can effectually plead the pendency of the prior suit in a foreign jurisdiction, either in abatement or in bar of this action. We say foreign jurisdiction, because, while it is settled that for all national purposes embraced by the Federal

Constitution, the States and the citizens thereof, constitute one government, united under the same sovereign authority, and governed by the same laws, yet, in all other respects, and for all other purposes, the several States retain their individual sovereignties, and with respect to their municipal regulations, are to each other foreign. That such is the relation of the States to each other, has been expressly determined in the case of *Buckner vs. Finley and Van Lear,* 2 *Pet.,* 586. Indeed, such is the decision in numerous cases in both Federal and State Courts. So that, in legal contemplation, the jurisdiction of the Courts of Pennsylvania is foreign to the jurisdiction of those of Maryland, and this case is therefore not distinguishable from that of the ordinary case of an action pending in a wholly foreign jurisdiction, and which is sought to be made the matter of plea, to abate or defeat a suit brought in our own Courts, between the same parties, and for the same cause. The question of the validity of such a plea has frequently occured in other American Courts, but it has remained to the present, so far as we can learn, an undecided question by the Court of Appeals of this State; for what was said in regard to it by the Court in deciding the case of *The Bank of the United States vs. The Merchants' Bank of Baltimore, in* 7 *Gill,* 429, was only by way of illustration of an argument, to maintain a proposition altogether different in its character from the question now presented, and is therefore not to be regarded as authority.

At the common law the rule is well established, that the pendency of a prior suit, *in personam,* in a foreign Court, between the same parties, for the same cause of action, is no sufficient cause for stay or bar of a suit instituted in one of our own Courts. It is only the definitive judgment on the merits that will be considered conclusive; and this rule has been frequently declared to obtain in all its force, both by Federal and State Courts, in regard to actions pending in another State of the Union; and we think upon good and sufficient reason. In the case of *White vs. Whitman,* 1 *Curtis'*

*U. S. C. C. Rep.*, 494, the defendant pleaded in abatement of the action, the pendency of a prior suit in a State Court, and Judge CURTIS, then of the Supreme Court of the United States, in disallowing the plea, said: "Though the Constitution and Laws of the United States require, that the judgments rendered in one State shall receive full faith and credit in another, yet, in respect to all proceedings prior to judgment, the Courts of the different States, acting under different sovereignties, must be considered as so far foreign to each other, that a remedy sought by judicial proceedings under one, cannot be treated as a mere and simple repetition of a remedy sought under another. There may be real advantages to be gained, in respect to the property on which an execution may be levied, or otherwise, by resorting to an action in another State." See also the cases of *Wadleigh vs. Veazie*, 3 *Sum. Rep.*, 165, and *Lyman vs. Brown*, 2 *Curtis*, 559. In the case of *Lowry vs. Hall*, 2 *W. & Sergt.*, 133, Chief Justice GIBSON, in speaking of the effect of judicial proceedings in a sister State, said: "The pendency of a prior suit in a foreign country, cannot be pleaded in abatement of a suit for the same cause here; and it has been held that the States of the American Union stand in the relation of foreign States as regards this particular matter." And in the more recent case of *Smith vs. Lathrop*, 44 *Penn. St. Rep.*, 326, the Supreme Court of Pennsylvania, after an examination and full review of all the authorities, announce it as settled law, that the plea of *lis pendens* in another State, is not a defence to a suit between the same parties, for the same cause of action, at the same time, in that State.

There will also be found a very full discussion of the question in the case of *Hatch vs. Spafford*, 22 *Conn. Rep.*, 485, in which the same conclusion is maintained. And, indeed, no opposing authority is any where to be found, except it be in *Ex parte Balch*, 3 *McLean, U. S. C. C. Rep.*, 221; and that case can hardly be regarded an exception to the general principle maintained by the authorities just cited,

because the two pending proceedings were both in Circuit Courts of the United States, and were therefore in Courts of the same country, exercising jurisdictions in no sense foreign to each other. Nor do we perceive any great hardship or difficulty in the application of the rule. If one case proceed to judgment before the termination of the other, the recovery in the former may be pleaded *puis darrein continuance,* to the latter; "and if the two suits should ever proceed, *pari passu,* to judgment and execution, a satisfaction of either judgment may be shown upon *audita querela,* or otherwise, in discharge of the other." See *Bowne & Seymour vs. Joy,* 9 *John.,* 220, and *Walsh vs. Durkin,* 12 *John.,* 99. We are, therefore, of opinion that the facts agreed upon constitute no ground of defence to the action, and that the judgment of the Court below must be reversed; and, under the agreement of parties, judgment will be entered for the appellant, for the amount admitted to be due.

*Judgment reversed, and*
*judgment for appellant.*

(Decided 20th March, 1868.)