(Decided 18th March, 1890.)

---

STATE OF MARYLAND, use of MARY BASHE, widow, and FRANK BASHE, and others, infants, by their next friend MARY BASHE, and also for the use of JOSEPHINE BASHE, JR. *vs.* JAMES BOYCE.

*Plea in Abatement—Joint tort-feasors—Sec. 2 of Art. 67 of the Code, relating to Actions for Death by Negligence.*

Where two joint tort-feasors are sued separately for the same tort, the pendency of the suit against one cannot be pleaded in abatement of the suit against the other.

Where two or more persons jointly commit an actionable tort, the injured party may join them all in one action, or he may bring a separate action against each, though he can have but one satisfaction. Nothing short of the satisfaction of a judgment obtained against one, or his release, will operate to defeat a recovery by the same plaintiff against another joint trespasser in a subsequent action founded on the same tort.

Article 67, section 2, of the Code, which gives a right of action in the name of the State, for the use of the wife, husband, parent, and child of a person whose death has been caused by negligence, provides "that not more than one action shall lie for and in respect of the same subject-matter of complaint." HELD:

State, use of Bashe *vs.* Boyce.

That this provision was not intended to deprive an equitable plaintiff of the right to sue separately different joint tort-feasors. though of course there could be but one satisfaction, no matter how many judgments might be recovered; its object was to protect a defendant from being vexed by several suits instituted by or in behalf of different equitable plaintiffs for the same injury, when all the parties could conveniently be joined in one proceeding.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON, IRVING, and McSHERRY, J.

*J. Alexander Preston,* for the appellant.

*W. Cabell Bruce,* for the appellee.

McSHERRY, J., delivered the opinion of the Court.

There is but a single question involved in this appeal. It arises upon the following facts: The appellee owned a wharf which was under lease to the Consolidated Coal Company. By reason of the wharf being, as alleged, out of repair, Joseph Bashe was injured, and shortly afterwards died from the effects of that injury. The widow, children, and mother of the deceased brought suit against the coal company, the lessee of the wharf; and whilst that suit was still pending and undisposed of, they brought another action, for the same cause, against the appellee, the owner of the wharf. Both suits were instituted in Baltimore City. To the declaration filed in the second action the appellee pleaded in abatement the pendency of the prior suit against the coal company. The appellants demurred to the plea, and the Baltimore City Court entered judgment on the

demurrer for the appellee. From that judgment this appeal has been taken.

In support of the plea, reference was made by the appellee to 1 *Chitty Pl.*, 100; *Boyce vs. Bayliffe*, 1 *Camp.*, 60; and *Rawlinson vs. Oriett & Benson, Carthew*, 96. The text of Mr. Chitty relies only on the case in 1 *Camp.*, which was decided by Lord ELLENBOROUGH, at *nisi prius*. The case in *Carthew* states that HOLT, Ch. J., *dubitabit*, but the other three Judges inclined that the plea was good.

. Much as we respect the opinion of Mr. Chitty, we think the great weight of authority is against the sufficiency of the plea. .

The general rule is this: Where the two suits are for the same cause of action, and between the *same parties*, the pendency of the first may be pleaded in abatement of the second. The identity of the subject-matter and of the parties must be alleged. *Poe Pl.*, 502: *Cook vs. Burnley*, 11 *Wall.*, 659; *Bryan vs. Scholl*, 109 *Ind.*, 367; and the two suits must be pending in the Courts of the same State. *Seevers vs. Clement*, 28 *Md.*, 426. Now, whilst the cause of action is alleged to be the same in both suits, the defendants are admitted by the plea to be different; and therefore the plea is undoubtedly bad, unless an exception to the general rule obtains in the case of joint tort-feasors. No reason is perceived for the existence of such an exception, and no authorities have been cited to support it other than those already alluded to. It may be regarded as very generally accepted law in this country, that where two or more persons jointly commit an actionable tort, the injured party may join them all in one action, or he may bring a separate action against each, though he can have but one satisfaction. He has his election *de melioribus damnis*. Nothing short of the satisfaction of a judgment obtained against one, or his release, will operate to defeat a recovery by the same

State, use of Bashe *vs.* Boyce.

plaintiff against another joint trespasser in a subsequent action founded on the same tort. *Lovejoy vs. Murray,* 3 *Wall.,* 1; *Sheldon vs. Kibbe,* 3 *Conn.,* 214; *Morgan vs. Chester,* 4 *Conn.,* 387; *Sanderson vs. Caldwell,* 2 *Aik.,* (*Vt.,*) 195; *Blaun vs. Crocheron,* 20 *Ala.,* 320; *Du Bose vs. Marx,* 52 *Ala.,* 506; *Knott vs. Cunningham,* 2 *Sneed,* 204; *Page vs. Freeman,* 19 *Mo.,* 421; *Elliott vs. Hayden,* 104 *Mass.,* 180; *Woods vs. Pangburn,* 75 *N. Y.,* 498. Why, then, should the mere pendency of another suit, which has not yet even ripened into a judgment, and which may never do so, abate a subsequent suit against a different joint tort-feasor for the same trespass? No satisfactory reason can be given to support any such distinction. The principle governing the question involved here is clearly stated in *Livingston vs. Bishop,* 1 *Johns.,* 290, in the opinion delivered by KENT, Chief Justice. That case was sanctioned and approved in *Lovejoy vs. Murray,* and referred to by this Court in *Gunther vs. Lee,* 45 *Md.,* 66.

It was suggested at the argument that *Art.* 67, *sec.* 2, of the Code, allows but one action to be brought for the same injury in cases of this character. This statute, which gives a right of action in the name of the State for the use of the wife, husband, parent, and child of a person whose death has been caused by negligence, provides "that not more than one action shall lie for and in respect of the same subject-matter of complaint." It permits but one suit to be instituted against the same defendant for an injury resulting in death; and therefore all who have a right to unite as plaintiffs, but who omit to become parties, are excluded from bringing a subsequent action. *Deford vs. State, &c.,* 30 *Md.,* 208. Its object was to protect a defendant from being vexed by several suits instituted by or in behalf of different equitable plaintiffs for the same injury, when all the parties could, with perfect convenience, be joined in one pro-

ceeding. It never contemplated depriving a plaintiff of the right to sue separately different joint tort-feasors, though, of course, there can be but one satisfaction, no matter how many judgments may be recovered.

For the reasons we have given, we are of opinion that the Court below erred in overruling the demurrer and in entering judgment for the appellee. The plea was bad and the judgment must, therefore, be reversed and a new trial will be awarded.

> *Judgment reversed, and*
> *new trial awarded.*

(Decided 18th March, 1890.)