**HARRIS et al. v. EMBREY et al.**

**No. 7217.**

United States Court of Appeals for the District of Columbia.

Decided May 8, 1939.

Rehearing Denied June 8, 1939.

George H. Ganaway, of Washington, D. C., for appellants.

David A. Pine, U. S. Atty., John J. Wilson, Asst. U. S. Atty., and Elwood H. Seal, Corp. Counsel, Vernon E. West and Chester H. Gray, Asst. Corp. Counsel, all of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and EDGERTON and VINSON, Associate Justices.

PER CURIAM.

After a painstaking review of the almost unintelligible pleadings and exhibits filed in this case in the district court, we are reasonably certain of the following facts: Decedent, George E. Harris, the son of appellant Nellie Harris, and brother of the other appellants, and three companions, while engaged in "stripping" cars in an alley located behind 12th and U Sts., N.W., in the city of Washington, were surprised by four police officers who had been called to the scene of the crime. On the arrival of the officers, all four of the men ran. Officer Embrey chased deceased for about forty feet, and in the act of catching him, was suddenly confronted with a pistol which deceased pulled from his pocket. Embrey fired one shot, from which the decedent died about two hours later in a hospital. A coroner's jury was called in connection with this death and returned a verdict of justifiable homicide.

Appellants' pleading in the district court was entitled "Complaint and Affidavit (Obstruction of Justice)." We will treat it as a declaration. It named as parties defendant Officer Embrey, who fired the fatal shot, and Doctor McDonald, Coroner of the District, Eugene H. McLachlen, Assistant United States Attorney for the District, and Officer C. H. Lutz, Commander, Homicide Squad, Metropolitan Police Force. To this declaration, each of the appellees demurred. The district court sustained the demurrers, stating in its opinion: "The several demurrers to the pleading filed by the plaintiff will be sustained. Apart from any other question this pleading called 'complaint and affidavit' is in a form unknown to the common law for the purpose of stating a cause of action, and is prolix, and unintelligible."

In our view, the appellants are attempting to recover damages against the police officer Embrey and the other appellees upon two grounds, first, the alleged wrongful killing of the deceased by Embrey, and second, the alleged "obstruction of justice" by the other appellees in their conduct at the proceedings before the coroner's jury. We will consider the declaration, as best we can, upon each theory sought to be asserted, seeking to ascertain if, in any re-

spect, there is a cause of action stated against the appellees, jointly or severally.

■ The statute governing actions for wrongful death is Title 21, c. 1, secs. 1 and 2, D.C.Code of 1929; Chap. 45, secs. 1301, 1302, D.C.Code of 1901. It provides that if death of a person shall be caused by the wrongful act, neglect, or default of any person, and such act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages, the person who would have been liable if death had not ensued shall be liable to an action for damages for such death, notwithstanding the death of the person injured. The statute also provides that "every *such* action" shall be brought by and in the name of the personal representative of such deceased person.[1]

At the outset, we are met by the fact that this suit was not brought by the personal representative. This requirement of the statute is in plain and unambiguous language. We have heretofore held that the action must fail if not brought by such personal representative.[2]

■ However, passing this controlling defect, we will look to the averments in the pleading and exhibits, considered most favorably for the plaintiff, to ascertain whether a cause of action is stated against anyone had the suit been instituted by the personal representative of the deceased. The killing occurred in the attempted arrest by the officer of Harris who had been engaged in the commission of a felony. Harris resisted arrest and drew a pistol upon the officer, who fired the fatal shot in self defense. Decedent could not have maintained an action and recovered damages for the personal injury if death had not ensued, since the action of the officer was not wrongful, but justifiable. Therefore, the action could not have been maintained by his personal representative. The demurrer of the appellee Embrey was properly sustained.

■ In respect of the other appellees, there is no suggestion in the pleading and exhibits attempting to connect them with the death of Harris, hence their insufficiency as to each of the appellees upon the theory of the alleged wrongful death. We are entirely at sea in respect of the theory attempted to be expressed relative to the "obstruction of justice." It would seem to rest upon the action of the appellees (other than Embrey) in their official participation at the coroner's inquest. Under no theory can we conclude that their conduct injured the appellants in any respect. It affirmatively appears that they were public officers acting in performance of official duties and did nothing for which they were answerable in damages.[3] No damages resulted from their stated conduct, nor is there allegation thereof. Their demurrers were properly sustained.

We can find no error in the action of the district court and the judgment must be affirmed.

Affirmed.

---

[1] "Every *such* action shall be brought by and in the name of the personal representative of such deceased person, and within one year after the death of the party injured."

[2] Fleming v. Capital Traction Co., 40 App.D.C. 489; Ferguson v. Wash. & Georgetown R. R. Co., 6 App.D.C. 525; Mackey v. Baltimore & Potomac R. R. Co., 8 Mackey 282, 19 D.C. 282.

[3] Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135, 118 A.L.R. 1440, certiorari denied Nov. 7, 1938, 305 U.S. 643, 59 S. Ct. 146, 83 L.Ed. ——; Fletcher v. Wheat, 69 App.D.C. 259, 100 F.2d 432, certiorari denied April 24, 1939, 59 S.Ct. 794, 83 L.Ed. ——; Lang v. Wood, 67 App. D.C. 287, 92 F.2d 211; Standard Nut Margarine Co. v. Mellon, 63 App.D.C. 339, 72 F.2d 557, certiorari denied 293 U. S. 605, 55 S.Ct. 124, 79 L.Ed. 696.