John PARIS et al., Appellants,

v.

Dr. James W. BRADEN, M.D., Casualty Hospital, and Travelers Insurance Company, Appellees.

No. 12581.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 10, 1956.

Decided Feb. 16, 1956.

Rehearing Denied April 16, 1956.

Mr. I. William Stempil, Washington, D. C., with whom Mr. Ford E. Young, Jr., Washington, D. C., was on the brief, for appellants.

Mr. John P. Arness, Washington, D. C., with whom Mr. Frank F. Roberson, Washington, D. C., was on the brief, for appellee Travelers Ins. Co.

Messrs. H. Mason Welch, John R. Daily, and J. Harry Welch, Washington, D. C., entered appearances for appellees James W. Braden, M. D., and Casualty Hospital.

Before EDGERTON, Chief Judge, and BAZELON and FAHY, Circuit Judges.

PER CURIAM.

This case arose in the District Court on a complaint for wrongful death filed

under § 16–1201, D.C.Code 1951, by the surviving children of the deceased. The defendants moved to dismiss on the ground that the suit was not brought in the name of the "personal representative" of the deceased, as required by § 16–1202, D.C.Code 1951. The motion was granted. The court also denied an application of the plaintiffs for additional time to qualify. The purport of this application apparently was that the court withhold actual dismissal of the complaint until a personal representative could be appointed and could seek to be substituted as plaintiff.

Appellants, the surviving children, contend in the first place that as next of kin they are personal representatives within the meaning of the statute. This contention is contrary to the decision of this court in Harris v. Embrey, 70 App.D.C. 232, 105 F.2d 111. It is there held that a wrongful death action must fail if not brought by the "personal representative," and that the deceased's mother, who was his next of kin but had not been appointed personal representative by the court, could not maintain the action. See, also, Thomas v. Doyle, 88 U.S.App.D.C. 95, 97–98, 187 F.2d 207, 209–210. Rule 17(a), Fed.Rules Civ. Proc. 28 U.S.C.A., is not to be construed as modifying or repealing specification in our statute of the party authorized to bring an action for wrongful death.

As to the application for additional time, we find no basis in the present record for holding that the District Court abused its discretion in denying it.

Affirmed.

### On Petition for Rehearing

On petition for rehearing appellants for the first time ask this court to consider the complaint as not limited to one for wrongful death but as including a cause of action for "negligence, damages and malpractice." See, generally, Wills, "Wrongful Death and Personal Injuries—Joinder of Causes of Action and Counterclaim," 16 Ohio St.L.J. 501. Our judgment will be modified so as to affirm only the dismissal of the complaint insofar as it sets forth a claim for death by wrongful act under § 16–1201, D.C. Code 1951. The case will be remanded to the District Court for such further proceedings as may be found by that Court to be consistent with our judgment as thus modified. The petition for rehearing will be denied.

It is so ordered.