CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY, a corporation, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 5–1252.

United States District Court
S. D. Iowa,
Central Division.

July 18, 1962.

B. A. Webster, Jr., Des Moines, Iowa, for plaintiff.

Leo E. Gross, Asst. U. S. Atty., Des Moines, Iowa, for defendant.

VAN PELT, District Judge.

This action was brought under the Federal Tort Claims Act. The judgment entered for plaintiff included an award of interest. The matter is now before the court upon an amended motion to retax costs and thereby to eliminate the recovery of any interest.

The court concludes that the motion is well taken and that this Judge was in error in the order entered.

It is now elementary that an award of interest cannot be made against the United States unless there is express statutory authority therefor. Judge John W. Delehant stated in 1944 in United States v. 17,280 Acres of Land, D.C., 57 F.Supp. 745, as follows:

"The parties agree that interest, in its ordinary sense, is not allowable against the United States except in those instances where either it is pledged by contract, or provision for it is made by statute. Tillson v. United States, 100 U.S. 43, 25 L.Ed. 543; Smyth v. United States, 302 U.S. 329, 58 S.Ct. 248, 89 L.Ed. 294, 114 A.L.R. 807." (746)

More recently the Court of Appeals for this Circuit in Oliver v. United States, 8 Cir., 155 F.2d 73, and United States v. Albrecht, 8 Cir., 155 F.2d 77, which latter case was affirmed by the United States Supreme Court in Albrecht v. United States, 329 U.S. 599, 67 S.Ct. 606, 91 L.Ed. 532, reiterated the rule.

There is statutory authority for awarding interest against the United States under 28 U.S.C.A. § 2411(b). This section has, however, been modified in its effect by Section 1302 of the Supplemental Appropriation Bill, 1957, 70 St. 694, and now cited as 31 U.S.C.A. § 724a. After appropriating money to pay final judgments and compromise settlements against the United States, the section goes on to provide in part as follows:

"Provided, That, whenever a judgment of a district court to which the provisions of section 2411(b) of Title 28 apply, is payable from this appropriation, interest shall be paid thereon only when such judgment becomes final after review on appeal or petition by the United States, and then only from the date of the filing of the transcript thereof in the General Accounting Office to the date of the mandate of affirmance * * *."

The effect of this section was to establish a permanent indefinite appropriation for the payment of judgments of less

than $100,000 into which category this case easily falls. The committee report following hearings gave as one of the reasons for enactment of the bill the fact that it "will serve to reduce the total amount of interest paid by the government" [H. Rept. 2638, 84th Cong., 2d Sess., p. 72.].

In the report of the hearings it is stated:

"The first proviso [of Section 1302; 31 U.S.C. 724a] would change the procedure with respect to district courts by permitting the payment of interest on judgments, to which the provisions of 28 United States Code 2411(b) apply, only in cases appealed by the United States. It is believed that this will work no hardship upon litigants in the district courts since the present law now provides for payment of interest to a period not later than 30 days after the date of making an appropriation, and since the proposal itself would insure that an appropriation would be immediately available for the payment. The first proviso also would permit payment of interest on such district court judgments from the date of filing of the transcript with the General Accounting Office to the date of the mandate of affirmance in cases where the Government appeals." [Hearings Before Subcommittees on Appropriations of the Committee on Appropriations, of the House of Representatives, the Supplemental Appropriation Bill, 1957, 84th Cong., 2d Sess., p. 885.]

This statute has been considered in a Tucker Act case by the Court of Appeals for this Circuit.

"The Barge Line now concedes that the District Court erred in allowing interest. In view of the provisions, applicable here, of § 1302 of the Supplemental Appropriation Act of July 27, 1956, 70 Stat. 694, 31 U.S. C.A. § 724a, we hold this concession to be a proper and required one and itself to compel modification of the judgment." United States v.

Mississippi Valley Barge Line Co., 8 Cir., 285 F.2d 381 (386)

It seems to the court that the same construction should be given on tort claims judgments. This court so holds and thus concludes that its previous order was erroneous. An order correcting the previous order has for the reasons herein explained, been entered.