**UNITED STATES of America,
Appellant,**

v.

**STATE OF MARYLAND for the Use of
Mary Jane MEYER et al., Appellees.**

**UNITED STATES of America,
Appellant,**

v.

**STATE OF MARYLAND for the Use of
Vance Lewman BRADY et al.,
Appellees.**

**Nos. 18676, 18677.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 2, 1964.

Decided March 11, 1965.

Petition for Rehearing En Banc
Denied April 21, 1965.

Danaher, Circuit Judge, dissented.

Mr. David L. Rose, Attorney, Department of Justice, with whom Asst. Atty. Gen., John W. Douglas, Messrs. David C. Acheson, U. S. Atty., and Morton Hollander, Attorney, Department of Justice, were on the brief, for appellant. Mr. Frank Q. Nebeker, Asst. U. S. Atty., also entered an appearance for appellant.

Mr. Richard W. Galiher, Washington, D. C., and Mr. Louis G. Davidson, Chicago, Ill., of the bar of the Supreme Court of Illinois, *pro hac vice*, by special leave of court, with whom Mr. William E. Stewart, Jr., Washington, D. C., was on the brief, for appellees.

Before FAHY, DANAHER and BURGER, Circuit Judges.

FAHY, Circuit Judge:

In United States v. State of Maryland, 116 U.S.App.D.C. 259, 322 F.2d 1009, cert. denied, 375 U.S. 954, 84 S.Ct. 445, 11 L.Ed.2d 314 (1963), we affirmed a judgment of the District Court in favor of appellees under the Federal Tort Claims Act, Ch. 753, 60 Stat. 842 (1946) (codified in various sections of 28 U. S.C.). A copy of the pertinent parts of the judgment is set forth in the Appendix to this opinion, from which it will be seen that it contains several individual money awards.[1]

■ Appellees moved in the District Court to require the United States to pay interest on the judgment. The court granted the motion, ordering,

"the motion to require defendant to pay interest on judgments, in accordance with the provisions of Title 28, Section 2411(b), United States Code Annotated be and is hereby granted, and the defendant, the United States of America, be and is hereby directed to pay the judgments entered in these two cases, together with interest, which shall be computed at the rate of 4% per annum from the date of the judgments up to, but not exceeding, thirty days after the date of approval of any appropriation act providing for the payment of the judgments."

We think this order must be reversed except as to interest on the award of $175,000 to Vance Lewman Brady.

Each appellee other than Vance Lewman Brady recovered a sum of less than $100,000; and each failed to take the steps necessary in that situation to obtain prompt payment. Each is accordingly precluded from recovering interest, which is not recoverable against the United States except as authorized by statute or contract. United States v. Goltra, 312 U.S. 203, 207, 61 S.Ct. 487, 85 L.Ed. 776 (1941). It is provided in 28 U.S.C. § 2411(b) (1958) that except as otherwise provided in subsection (a), which calls for interest in certain instances at the rate of six per cent per annum, interest on final judgments against the United States entered under the Federal Tort Claims Act shall be computed at the rate of four per cent per annum from the date of judgment up to but not exceeding thirty days after the date of approval of any appropriation act providing for payment of the judgment; but 31 U.S.C. § 724a (Supp. V, 1959–63)[2] partially overrides these provisions. It appropriates sums for the payment, not otherwise provided, of final judgments of a district court against the United States, "not in excess of $100,000 * * * in any one case," provided that as to a judgment to which Section 2411(b) applies, and which is payable from this appropriation, interest shall be paid "only from the date of the filing of the transcript thereof in the General Accounting Office to the date of the mandate of affirmance * * *."

The transcript of the judgment in this case was not filed in the General Accounting Office, so that, except as to Vance Lewman Brady, the award of interest was erroneous unless the judgment ren-

---

1. The case itself grew out of an airplane collision over Maryland resulting in the death of the pilot and co-pilot. The survivors sued in two separate actions which were consolidated for trial in the District Court. Appellee in name is the State of Maryland; but the real parties in inter-

est were then and are here the survivors named in the judgment.

2. This provision was Section 1302 of the Supplemental Appropriation Act of 1957, 70 Stat. 678, 694 (1957), and was amended by 75 Stat. 416 (1961).

dered is to be considered a judgment in excess of $100,000 "in any one case." Appellees contend that there is only one case for each of the deaths which occurred, see note 1, *supra*, with a separate judgment for each group of survivors in excess of $100,000. They point to the Wrongful Death Act of Maryland [3] which requires that the "action shall be brought by and in the name of the State of Maryland for the use of the person or persons entitled to damages," the amount recovered to be divided among the parties entitled to damages, and not more than "one action shall lie for and in respect of the same subject matter of complaint." [4]

The Federal interest statute, however, is to be construed and applied according to its own purposes and meaning. The judgment is not necessarily to be construed as "in any one case" because only one action for each death was filed according to Maryland law. This requirement of Maryland has no purpose related to the liability of the United States for interest. Its purpose is related to the convenience of litigation in Maryland.

 Judgment "in any one case" does not necessarily mean in one law suit without regard to the character of the judgment as it bears on the problem of interest. We should give the language a meaning, if the words will bear it, which carries out the purposes of the statute, even though this is not the literal meaning of the words when considered in isolation. United States v. Shirey, 359 U.S. 255, 260–261, 79 S.Ct. 746, 3 L.Ed.2d 789 (1959); United States v. American Trucking Ass'ns., 310 U.S. 534, 543, 60 S.Ct. 1059, 84 L.Ed. 1345 (1941). The obvious purposes of the Federal statute are (1) to enable one who has a judgment not in excess of $100,000, ob-

tained under the Tort Claims Act, to receive prompt payment without awaiting a special appropriation, and (2) to relieve the United States of the obligation of paying interest, or of a bad conscience as it were for not doing so, while the principal remains unpaid. As to the purposes as they appear from legislative history see H.R.Rep.No.2638, 84th Cong., 2d Sess. 72 (1957); and see Harue Hayashi, 40 Comp.Gen. 307 (1960); Chicago, Rock Island & Pac. R. R. v. United States, 206 F.Supp. 795 (S.D.Ia.1962). These purposes are served by permitting each individual who recovers a severable and distinct amount not in excess of $100,000 to be paid under Section 724a. Each such claimant has a severable and specific award in the final judgment. Each award may therefore be considered a judgment "in any one case" as that expression is used in the statute. Each individual thus awarded no more than $100,000 could have complied with the statute by filing a transcript of the judgment; each would then have been entitled to receive payment with the interest authorized by Section 724a; and each indeed would have been paid. See Harue Hayashi, *supra* at 309.

The position of appellees is not devoid of support; for the result of our construction is that an individual who recovers $175,000 must await a special appropriation, during which period interest accumulates, while the several individuals in the same over-all case whose aggregate recoveries exceed $100,000 are paid without the further attention of Congress. Frankly, we do not have a problem with a perfectly clear solution. The solution we reach, however, better carries out the Congressional plan, and the language used lends itself well enough to that end. Moreover, there

**3.** The Federal Tort Claims Act refers specifically to "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b) (1958). Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed. 2d 492 (1962), held that the Act refers to the whole body of law of the state of the occurrence, including its conflict of laws rules. No one has suggested that Maryland's conflicts rules require reference to any other state's rules.

**4.** Md.Code Ann., Art. 67, § 4 (1957). The provision that the action be brought by and in the name of the State of Maryland has been eliminated by a 1962 amendment. Art. 67, § 4 (Supp.1964).

appear to be no policy considerations which outweigh those which operate in favor of the view we take.

When the District Court ordered that "Mary Jane Meyer recover of the defendant United States the sum of $85,000.00", for example, there arose a separable and final judgment under Section 724a, payable to her upon affirmance, notwithstanding that in the same document entitled "Judgment" awards were made in an aggregate amount exceeding $100,-000.00.

 The United States urges that as to all, including Vance Lewman Brady, interest could not be recovered in any event because neither the judgment of the District Court nor our judgment of affirmance provided for interest. We disagree with this contention. 28 U.S.C. § 2411(b) explicitly provides for interest on such final judgments as are here involved if in excess of $100,000.00. The award to Vance Lewman Brady was in excess of $100,000, so Section 724a does not remove her case from the coverage of 28 U.S.C. § 2411(b). Where an Act of Congress speaks so clearly the absence of a provision for interest in the judgment itself, or in the mandate of affirmance, does not render the statute ineffective. We emphasize that we are concerned with interest after judgment, not, as in Briggs v. Pennsylvania R. R., 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948), with the allowance of interest prior to judgment. Nor is In re Washington & Georgetown R. R., 140 U.S. 91, 11 S.Ct. 673, 35 L.Ed. 339 (1891), controlling, since it involved no explicit statutory provision for interest after judgment.

Reversed as to Mary Jane Meyer, Paul Jeffrey Meyer, Susan Lynn Meyer, Pamela Ann Meyer, Austin F. Canfield, Jr., as ancillary administrator, Virginia Brady, and Kendall Jesse Brady, Jr. Affirmed as to Vance Lewman Brady.

## APPENDIX

### JUDGMENT

This cause having come on for hearing, it is this 6th day of December 1961

ORDERED THAT

Mary Jane Meyer recover of the defendant United States of America the sum of $85,000.00,

Paul Jeffrey Meyer, recover of the defendant United States of America the sum of $25,000.00,

Susan Lynn Meyer recover of the defendant United States of America the sum of $30,000.00,

Pamela Ann Meyer recover of the defendant United States of America the sum of $30,000.00; and it is further

ORDERED THAT *Austin F. Canfield, Jr.,* Ancillary Administrator of the Estate of Paul Frank Meyer, recover of the defendant United States of America the sum of $1,000.00, and it is further

ORDERED THAT

Vance Lewman Brady recover of the defendant United States of America the sum of $175,000.00,

Virginia Brady recover of the defendant United States of America the sum of $35,000.00,

Kendall Jesse Brady, Jr., recover of the defendant United States of America the sum of $38,000.00, and it is further

\* \* \* \* \* \*

ORDERED THAT *Austin F. Canfield, Jr.,* Ancillary Administrator of the Estate of Kendall Jesse Brady, recover of the defendant United States of America the sum of $1,000.00, and it is further

\* \* \* \* \* \*

DANAHER, Circuit Judge (dissenting):

The District Court entered its judgment on December 6, 1961. After this court had affirmed, the District Court entered its further order of April 20, 1964 awarding interest at the rate of 4 per cent from the date of the original judgment "up to, but not exceeding, thirty days after the date of approval of any appropriation act providing for the payment of the judgments." The total of the awards in the Meyer case was $171,000, allocated among the several

beneficiaries in the original Meyer judgment, with no one award as great as $100,000. The awards in the Brady case aggregated $249,000 with a single award to Vance Lewman Brady of $175,000 and with lesser amounts payable to other survivors. My colleagues treat the amounts of the individual awards to the respective survivors as though each was the result of a separate "case." Thus they reverse the District Court's 1964 order except insofar as they recognize the award to Vance Lewman Brady to be valid since it was in excess of $100,000. I find myself unable to concur in a reversal, our difference having arisen with respect to the construction of 31 U.S.C. § 724a (1965), 70 STAT. 694 (1956), as amended, 75 STAT. 416 (1961).

In that legislation and as here pertinent, Congress appropriated "such sums as may hereafter be necessary" for payment of certain final judgments, as certified by the Comptroller General; it was simply a fiscal "housekeeping" statute, clearly intended to apply only to judgments of less than $100,000. Through such mechanism, Congress sought to provide a procedure whereby some 98 per cent of final judgments rendered against the Government might be satisfied through action by the Comptroller General, with interest thereon to run only from the date of the filing of the transcript of a final judgment in the General Accounting Office to the date of the mandate of affirmance.[1]

Congress reserved to itself final consideration with respect to the 2 per cent of "final judgments (not in excess of $100,000 * * * in any one case)" which by virtue of the legislation were beyond the power of the Comptroller General to satisfy. Our problem derives from the fact that in No. 18676 the State of Maryland was plaintiff in "one case" for the use of the Meyer claimants. The judgment there amounted to $171,000

broken down into individual awards to separate claimants. In the other case, No. 18677, the State of Maryland was plaintiff for the use of members of the Brady family, with individual awards which total $249,000. There was only one judgment, that of December 6, 1961, with the separate respective apportionments to the individual Brady and Meyer claimants.

When the suit for the use of Meyer like that for the Brady survivors was commenced pursuant to Article 67, section 4 of the Annotated Code of Maryland (1957), actions for wrongful death were required to be brought only in the name of the State of Maryland in behalf of various named beneficiaries of the decedent. Even under Maryland's 1962 amendment of section 4 (ANN.CODE of Md., Art. 67, § 4 (Supp.1964)), only one such action will lie. Those who may have a right to become parties but refuse to do so are excluded from bringing a subsequent action on their own account. State of Maryland to Use of Bashe, 72 Md. 140, 19 A. 366, 7 L.R.A. 272 (1890).

Our own Wrongful Death statute[2] provides that "[e]very such action shall be brought by and in the name of the personal representative * * *" of the decedent. This court has expressly held that the "requirement of the statute is in plain and unambiguous language."[3]

It is fundamental that an action for wrongful death does not lie unless a statute so provides. Since the "use" plaintiffs are mandatory parties, if they are to sue at all,[4] they are bound by the judgment when entered. Conversely the bringing of a single action redounds to the advantage of the alleged tort feasor who thus will be spared the necessity of defending multiple suits. Nothing in FED.R.CIV.P. 17(a) is to the contrary in respect of the result necessary here; indeed whatever effect may be accorded

---

1. Certain additional limitations need not now be mentioned as not pertinent here. We are speaking only of judgments arising under the Federal Tort Claims Act.

2. D.C.CODE § 16–1202 (1961).

3. Harris v. Embrey, 70 App.D.C. 232, 233, 105 F.2d 111, 112 (1939).

4. *Ibid.*

to the Rule in situations where a jurisdictional problem arises, we have expressly held that substantively, the Rule does not modify or repeal the "specification in our statute [5] of the party authorized to bring an action for wrongful death." [6] (Footnote added.)

28 U.S.C. § 1346(b) (1965) provides that subject to the provisions of ch. 171 which prescribes tort claims procedure, the District Courts shall have exclusive jurisdiction of civil actions on claims against the United States for death caused by the negligence of the Government "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

28 U.S.C. § 2674 provides that the United States shall be liable in tort claims "in the same manner and to the same extent as a private individual under like circumstances * * *." [7]

The Maryland statute, Article 67, section 4, as amended, *supra*, is explicit: only "one action shall lie for and in respect of the same subject matter * * *." [8]

Thus, if there were no living members of the use class as named in the Maryland statute, no claim for wrongful death could be made. Obviously, under the federal statutes, *supra*, no liability would devolve upon the Government.[9] Conversely, living members of the classes in whose behalf the action might be maintained are mandatory plaintiffs.[10]

Thus the Meyer action, like the Brady suit, could have been brought only as it was brought—in accordance with the law of Maryland. It was "one case." The final judgment exceeded $100,000.[11] Therefore the order of the District Court correctly provided for interest to "be computed at the rate of 4 per centum per annum from [December 6, 1961] up to, but not exceeding, thirty days after the date of approval of any appropriation Act providing for payment of the judgment." 28 U.S.C. § 2411(b).

I would affirm.

5. D.C.Code § 16–1202 (1961) provides that "Every such action shall be brought by and in the name of the personal representative of such deceased person * * *."

6. Paris v. Braden, 98 U.S.App.D.C. 219, 220, 234 F.2d 40, 41 (1956).

7. The latter section continues that in any case wherein death was caused, if under "the law of the place where the act or omission complained of occurred" recoverable damages are only punitive in nature, the United States shall be liable for actual or compensatory damages.

8. For the history of the Maryland statute, see McKeon v. State, to Use of Conrad, 211 Md. 437, 127 A.2d 635 (1956).

9. See State of Maryland, to Use of Burkhardt v. United States, 165 F.2d 869, 871, 1 A.L.R.2d 213 (4 Cir. 1947) ; cf. Young v. United States, 87 U.S.App.D.C. 145, 184 F.2d 587, 21 A.L.R.2d 1458 (1950).

10. It is obvious from the record before us that we are not dealing with permissive plaintiffs. Cf. Fed.R.Civ.P. 20. Those possessing the latter status were involved in the problem considered by the Comptroller General in the Hayashi opinion, 40 Decs.Comp.Gen. 307 (1960), where he ruled that claims, each less than $100,000, of the judgment-creditor children might be processed administratively. That opinion is clearly referable to Rev.L.Hawaii § 246–2 which permits an action for wrongful death to be maintained *either* by the decedent's legal representative *or* by any of the enumerated next of kin. And see United States v. Harue Hayashi, 282 F.2d 599, 605, text and n. 11, 84 A.L.R. 2d 754 (9 Cir. 1960).

11. It makes no difference that the judgment was apportioned as was provided in the Maryland statute instead of running nominally in favor of the State of Maryland for the use and benefit of the several individuals entitled to participate. Cf. United States v. South Carolina State Highway Dept., 171 F.2d 893, 897 (4 Cir. 1948).