15 A.3d 761

**ACE AMERICAN INSURANCE COMPANY, et al.**

v.

**Steven L. WILLIAMS, et al.**

**Steven L. Williams, et al.**

v.

**William C. Work, et al.**

**No. 75, Sept. Term, 2010.**

Court of Appeals of Maryland.

March 21, 2011.

Scott A. Thomas (G. Robert Mowell of Tydings & Rosenberg LLP, Baltimore, MD), on brief, for petitioners.

Herbert R. O'Conor, III (O'Conor, Grant & Samuels, Towson, MD), on brief, for petitioners.

James M. Nichols (Byron L. Warnken of Warnken, LLC, Towson, MD), on brief, for respondents.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, ADKINS, BARBERA, JJ.

MURPHY, J.

The case at bar presents us with a procedural nightmare that preceded and succeeded the May 19, 2005 entry of a Circuit Court "ORDER" that purported to—but could not possibly—satisfy "any and all claims and potential claims stemming from the death of Michael Williams, as a result of a motor tort occurring on September 12, 2002." In *Williams, et al. v. Work, et al.*, 192 Md.App. 438, 995 A.2d 744 (2010), the Court of Special Appeals (COSA) held that the Circuit Court for Baltimore County did not have the authority to enter that Order because it had been entered at a point in time when no Complaint had been filed with the court by or on behalf of two of Mr. Williams' children. In that reported opinion, the COSA cited with approval an article in which Robert R. Michael, Esq., stated:

> Maryland has a public policy that a defendant should not be "vexed" by several suits instituted by or on behalf of

different plaintiffs for the same injury when all the parties could be joined in one proceeding. *Walker v. Essex*, 318 Md. 516, 569 A.2d 645 (1990). Under modern practice, a plaintiff is required to account for and name in the complaint all potential takers, even those who do not join in the suit. *See* discussion of Rule 15–1001 of the Maryland Rules of Procedure below. This requirement by statute and case law creates both legal and ethical challenges for the plaintiff's attorney who is compelled by rule to file a lawsuit on behalf of plaintiffs the attorney does not represent and with whom the attorney may have a real or potential conflict of interest.

\*　　\*　　\*

The conflict issues are magnified in any settlement of the claim. Where the case is ultimately tried, the jury verdict allocates the wrongful death award among each individual beneficiary which alleviates any conflict as to their respective entitlements. Settlement of the same case may be a completely different proposition. A claim for wrongful death cannot be settled without either the consent of all beneficiaries or the approval of the court. *See Walker v. Essex*, 318 Md. 516, 569 A.2d 645 (1990) As a practical matter, defense counsel and the insurers will almost always insist that all primary and secondary beneficiaries be identified and made a part of every wrongful death suit. In addition, defense counsel and insurers will also require that all potential plaintiffs execute a release as part of any settlement of the case. Remember that the case law, *Walker v. Essex*; the wrongful death statute (section 3–904(f)); and Rule 15–1001 bolster the position that defense counsel and the insurers have a legal right to insist that everyone be accounted for and that each party sign off before settlement of any case.

Robert R. Michael, *The "USE" Plaintiff in Maryland Wrongful Death Cases: Some Ethical Observations*, Trial Reporter, Fall 2008, at 9 and 15 (footnotes omitted).

At this point in these tortured proceedings, the Respondents are the two children who were never parties to the case designated as *"Williams I,"* in which the May 19, 2005 Order had been entered, while the Petitioners are Ace American Insurance Company (Ace), Charles Beatty, III, American Sprinkler Systems, Inc., and Zurich American Insurance Company,[1] who were among the defendants subsequently sued by the Respondents in the case designated as *"Williams II."* The Petitioners' "JOINT PETITION FOR WRIT OF CERTIORARI" presents three questions for our review:

1. Whether the Court of Special Appeals erred in finding that there was no final judgment in *Williams I* because [the Respondents] were not joined in that case under Rule 15–1001?

2. Whether the Court of Special Appeals erred in interpreting and applying *Walker* [*v. Essex*, 318 Md. 516, 569 A.2d 645 (1990) ] in concluding there was no final judgment in *Williams I* ?

3. Whether the Court of Special Appeals erred in denying Ace recovery of legal expenses incurred in *Williams II* where the filing of *Williams I* was in bad faith and without substantial justification, thereby condoning the conduct of the attorney who filed both cases?

We granted the Petition. 415 Md. 607, 4 A.3d 512 (2010). For the reasons that follow, we answer "no" to each question, and we shall therefore affirm the judgment of the Court of Special Appeals.

## Background

### I.

### Decedent's Widow v. Ace

In the Circuit Court for Baltimore County, on May 14, 2003, the decedent's widow, Lori Williams (Mrs. Williams), filed a

---

1. A footnote in the "JOINT PETITION," which was filed by Ace, states: "Charles Beatty, III, American Sprinkler Systems, Inc., and Zurich American Insurance Company join in this Petition to the extent directly applicable to them."

"COMPLAINT AND PRAYER FOR JURY TRIAL" that included the following assertions:

## STATEMENT OF FACTS

5. On or about September 12, 2002, the Decedent, Michael Williams, had stopped his motor vehicle along the right hand shoulder of northbound I–95 near the Waterloo Road overpass and had carefully and prudently exited his motor vehicle and was in the process of walking along the shoulder of the roadway to speak with another stopped motorist, when the motor vehicle operated by William C. Work, also heading northbound on I–95, suddenly and without warning, made an unsafe lane change and entered the shoulder of the roadway and struck and killed the decedent, Michael Williams, thereby causing a collision. William C. Work is insured by State Farm Mutual Automobile Insurance Company and they have tended their policy limits of $100,000.00. The plaintiff will not accept that tender until this issue is resolved.

\*　　\*　　\*

8. That at all times relevant hereto, the Plaintiff, Lori Williams, and the Decedent, Michael Williams, were covered by a policy issued by the Defendant, Ace American Insurance Company, which provides for uninsured motorists coverage, whereby Defendant, Ace American Insurance Company, is obligated to make payments for the personal injuries sustained by the Plaintiff and the Decedent, Michael Williams, that were proximately caused by the negligence of the operator of an uninsured or underinsured motor vehicle.

\*　　\*　　\*

13. The Plaintiff has complied with the terms of said policy of insurance and demand has been made for payment for the personal injuries sustained that were proximately caused by the negligence of the operator of the uninsured and underinsured motor vehicle namely, William C. Work, but that the Defendant, Ace American Insurance Company,

has wrongfully refused to honor said claim, and has not paid the outstanding bills, and has thereby breached its obligations to the Plaintiff.

Mrs. Williams' Complaint was assigned Case No. 03–C–005338. On July 22, 2003, Mrs. Williams filed an "AMENDED COMPLAINT" that included the following additional assertions:

18. The Plaintiff, Lori Williams, was the wife of Michael Williams, Deceased, who was born on December 29, 1967, and who died on September 12, 2002. The Plaintiff, Lori Williams, is a primary beneficiary in this action pursuant to Section 3–904(a) of the Courts and Judicial Proceedings Article.

19. In addition to the Plaintiff, Lori Williams, the following [persons] may be entitled by law to recover damages: Jeremy Williams, son of the Deceased, born November 23, 2001[ ]; Shane Williams, son of the Deceased, born November 9, 1998[ ].

\* \* \*

WHEREFORE, the Plaintiff, Lori Williams, Surviving Wife of Michael Williams, Deceased, and on behalf of the minor children of the Deceased, Jeremy Williams and Shane Williams, Surviving Sons of Michael Williams, Deceased, demands judgment against the Defendant, Ace American Insurance Company, in the amount of Five Million[ ] Dollars ($5,000,000.00), in compensatory damages to be proportioned pursuant to Section 3–904(c) of the Courts and Judicial Proceedings Article, plus interest and the costs of this action.

ACE filed an Answer to Mrs. Williams' Amended Complaint, and a "THIRD PARTY COMPLAINT" against Mr. Work. During the legal skirmishing that followed, Mrs. Williams and Ace reached a settlement agreement that would resolve the claims of Mrs. Williams and her two children. This settlement was to be placed "on the record" at a settlement conference scheduled to be held on March 29, 2005.

Prior to this date, Ace had agreed to pay $750,000 in settlement of Mrs. Williams' claims, and Mrs. Williams had agreed to accept that amount, but her counsel refused to sign a release that would require her "to save said Releasees harmless from any further claim or liability including tort and contractual claims, and [ ] indemnify and satisfy on behalf of Releasees any claim for and/or decree, judgment, or award for any and all damages, including but not limited to, any workers compensation liens, compensatory damages and punitive damages." In a March 28, 2005 letter to Ace's counsel, Mrs. Williams' counsel stated:

[A]ll is fine, except I cannot have Mrs. Williams agree to hold your client, Ace American Insurance Company, harmless from any other future claims for several reasons: a) this was not agreed to by [the adjustor] and myself, who negotiated the settlement [ ]; and b) Mrs. Williams simply has no control over what anyone else may do and cannot, therefore, be responsible for their actions. She will not agree to pay back or apportion any funds to Ace if other claims are made. We all realize that the Decedent had two other older children with his first wife, Donna [S] (Williams). I believe the oldest child (Michael Williams) is an adult now and the other child (Steven Williams) is fifteen. We do not represent them and will not agree to hold Ace American harmless from them.

It is my understanding that we are to appear before [the Circuit Court] tomorrow, March 29, 2005 at 1:30 p.m., to place the settlement on the record. I've prepared a Motion to Accept Settlement and have attached it for your review. If you agree to remove the objectionable language on page 2 of the Confidential Settlement and Release Agreement ("As further consideration ..." to the end of that paragraph), then I will modify the attached Motion to become a joint motion.

The Motion prepared by Mrs. Williams' counsel included the following assertions and requests:

2. The Decedent died leaving a spouse, the Plaintiff, Lori Williams, and four (4) children. Only two (2) of the

Decedent's children, however, are Plaintiffs in this action, i.e. Jeremy Williams (age 7) and Shane Williams (age 3), because they are the minor children of the marriage between the Decedent and the Plaintiff, Lori Williams. **The Decedent had two other children, i.e. Michael Williams (age 18) and Steven Williams (age 15) as a result of an earlier relationship with Donna [S]. Michael Williams and Steven Williams are not Plaintiffs in the present action and neither present counsel nor the present Plaintiffs are able to represent their interests.**

\* \* \*

WHEREFORE, the Plaintiff requests:

A. That the Motion to Approve Settlement be granted, without any requirement by the Plaintiffs to save and hold harmless the Defendant from any further claims, including but not limited to the potential claims of Michael Williams and Steven Williams, additional children of the Decedent[.]

(Emphasis added).

On March 29, 2005, the Circuit Court held a settlement conference, at which Mrs. Williams and Ace's counsel appeared in person, and during which Mrs. Williams' counsel participated via telephone. This conference concluded with the understanding that Mrs. Williams would not sign a release until her counsel had the opportunity to review it, and with the Court stating, "Case will be dismissed with prejudice upon approval of language of release by [Mrs. Williams' counsel]. As soon as I hear from him I will dismiss it with prejudice." In response to this statement, Ace's counsel said "Okay. Thank you, Your Honor." Mrs. Williams never did sign the release that Ace's counsel brought to the Settlement Conference.

While Mrs. Williams' counsel continued to object to the "hold harmless" language in the release, Ace's counsel discovered that their proposed settlement would likely be declared invalid if challenged by the Respondents. In a letter to Mrs. Williams' counsel dated April 6, 2005, Ace's counsel stated:

Based on the discussions at the settlement conference and your adamant refusal to have your client execute a release with a hold harmless and indemnification provision, and your insistence on removing the language in the release indicating that Lori Williams is acting as mother and/or next of friend of the children of Michael Williams, my office and I reviewed in detail Maryland's Wrongful Death Statute and rules relating thereto.

Although you represent that you are not counsel for two of Mr. Williams' children, Michael Williams and Steven Williams, from a prior marriage, § 3–904 of the Courts and Judicial Proceedings Article, subsection (f), limits to one (1) action only in respect to the death of a person. Additionally, Maryland Rule 15–1001 mandates that:

All persons who are or may be entitled by law to damages by reason of wrongful death shall be named as plaintiffs whether or not they join in the action. The words "to the use of" shall precede the name of any persons named as a plaintiff who does not join in the action.

Further, Rule 15–1001 also sets forth that:

Any party bringing the action shall mail a copy of the complaint by certified mail to any use plaintiff at the use plaintiff's last known address. Proof of mailing shall be filed as provided in Rule 2–126.

Rule 2–126 requires that proof of service, if any, be filed with the Court.

The captions of the Complaint and Amended Complaint do not indicate any "use" plaintiffs, nor do the Complaints mention that notice was given to all individuals entitled to recover under Maryland's Wrongful Death Statute.

Please advise what notice, if any, has been given to Michael Williams' former wife, Donna [S], as mother of the two children in question, to comply with Rule 15–1001. Upon review of my file, it does not reflect any such notice but you may have filed it with the Court.

Case law, *Walker v. Essex*, 318 Md. 51[6, 569 A.2d 645] (1990), specifically mandates that:

When a Maryland death action is settled by the personal representative, the proceeds are distributed according to statute.

The statute and rules relating thereto "implicitly require mutual consent or Court approval." Have you or the P.R. obtained the mutual consent of all beneficiaries under the statute to settle this action and to distribute the proceeds as you and the P.R. propose to do?

There is no doubt that [Ace's claims adjuster] intended to resolve all claims for $750,000. [Mrs. Williams' counsel], the $750,000.00 is still on the table, but my client and I need assurance and evidence that there has been compliance with all applicable statutes, rules, and case law or we need to have the proposed settlement be approved by [the Circuit Court] with the full and complete knowledge of all relevant facts.

Mrs. Williams' counsel responded to the letter from Ace's counsel by preparing a "SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL" that did not include the Respondents in the caption,[2] but did "name" the Respondents as "use" plaintiffs. The Second Amended Complaint included the following assertions and requests:

---

2. The caption identified the parties as follows:
   LORI WILLIAMS,
   Individually and as Personal
   Representative of the Estate of
   Michael Williams
   [address]
      Plaintiff
   To The Use of
   MICHAEL WILLIAMS
   [address]
   To The Use of
   STEVEN WILLIAMS
   [address]
   vs.
   ACE AMERICAN INSURANCE
   COMPANY
   [address]
      Defendant

18. The Plaintiff, Lori Williams, was the wife of Michael Williams, Deceased, who was born on December 29, 1967, and who died on September 12, 2002. The Plaintiff, Lori Williams, is a primary beneficiary in this action pursuant to Section 3-904(a) of the Courts and Judicial Proceedings Article.

19. In addition to the Plaintiff, Lori Williams, the following persons may be entitled by law to recover damages: Jeremy Williams, son of the Deceased, born November 23, 2001, 3107 Trellis Lane, Abandon, Maryland 21009; Shane Williams, son of the Deceased, born November 9, 1998, 3107 Trellis Lane, Abandon, Maryland 21009; Michael C. Williams, son of the Deceased, born August 13, 1986, 435 South Taylor Avenue, Baltimore, Maryland 21221, and Steven L. Williams, son of the Deceased, born October 24, 1992, 435 South Taylor Avenue, Baltimore, Maryland 21221. The minor Plaintiff, Jeremy Williams and Shane Williams are children of the marriage between the Plaintiff, Lori Williams, and the deceased. Michael C. Williams and Steven L. Williams are believed to be sons of the Deceased and are believed to be sons of the Deceased and are believed to be children of the Deceased and Donna [S]. **The Plaintiff, Lori Williams, is identifying Michael C. Williams and Steven L. Williams as children of the Deceased because of the requirement of the Courts and Judicial Proceedings Article, Section 9-104, but is not seeking compensation for those children.**

\*     \*     \*

WHEREFORE, the Plaintiff, Lori Williams, Surviving Wife of Michael Williams, Deceased, and on behalf of the minor children of the Deceased, Jeremy Williams and Shane Williams, Surviving Sons of Michael Williams, Deceased, demands judgment against the Defendant, Ace American Insurance Company, in the amount of Five Million[ ] Dollars ($5,000,000.00), in compensatory damages, to be proportioned pursuant to Section 3-904(c) of the Courts and

Judicial Proceedings Article, plus interest and the costs of this action[.]

(Emphasis added).

Although the record shows that Michael Williams and Steven Williams were served with a copy of the Second Amended Complaint,[3] the original of that pleading was not filed with the Circuit Court. It is clear, however, that a copy of this pleading was mailed to Ace's counsel, because Ace's Answer to the Second Amended Complaint was received by the Circuit Court on April 15, 2005. The Certificate of Service that accompanied this Answer shows that a copy was mailed only to Mrs. Williams' counsel, rather than to "each of the parties" as is required by Md. Rule 1–321(a).

On May 17, 2005, Mrs. Williams' counsel and Ace's counsel presented to the Circuit Court a "JOINT MOTION FOR APPROVAL OF SETTLEMENT AND ENTRY OF JUDGMENT" that included the following assertions:

The Plaintiff, Lori Williams, Individually, and as personal representative for the Estate of Michael Williams, and as mother and next friend for Jeremy Williams and Shane Williams, minor children, by and through her attorneys, . . . and the Defendant, Ace American Insurance Company, respectfully files this Joint Motion for Approval of Settlement and Entry of Judgment, and states as follows:

\*　　\*　　\*

2. At the time of his death, the Decedent died leaving a spouse, Lori Williams, and four (4) minor children. Only

---

**3.** The "JOINT MOTION FOR APPROVAL OF SETTLEMENT AND ENTRY OF JUDGMENT" filed by Mrs. Williams and Ace includes the following assertion:

3. . . . . Plaintiff's counsel's process server, Michael Koch, served the mother of both Michael and Steven Williams, Donna [S], with a copy of the Second Amended Complaint and Demand for Jury Trial. Michael Koch has confirmed that at the time of service he observed that two teenage males were living with Donna [S] and that she confirmed that both were her sons. Copies of the two (2) Affidavits of Private Process Service are attached to this Motion. The originals were filed with the clerk's office.

two (2) of the Decedent's children, i.e., Jeremy Williams (age 7) and Shane Williams (age 3), are the minor children of the marriage between the Defendant and Lori Williams. The Decedent has two other children, i.e., Michael Williams (now age 18) and Steven Williams (now age 15) as a result of an earlier relationship with Donna [S]. Michael Williams and Steven Williams are named as "Use" Plaintiffs in the present action, pursuant to the requirements of Courts and Judicial Proceedings Article, Section 3–904, and Rule 15–1001.

\* \* \*

4. On the same day the service of process as obtained upon Donna [S] and the "Use" Plaintiffs, Ms. [S] telephoned Plaintiff's counsel's office staff, took a message from Ms. [S] that Ms. [S] wanted to know what she should do about the pleadings that she received and that she would appreciate a return call from Plaintiff's counsel. Ms. [S] also indicated, after being asked by Ms. Hunt, that her sons, Michael Williams and Steven Williams, were presently living with her at her home. Ms. [S] also left her telephone number for [Mrs. Williams'] counsel to return her call. Ms. [S]'s telephone number was given[.] There has not been, however, any additional contact from or to Donna [S] and/or Michael Williams and/or Steven Williams, since Ms. [S]'s initial telephone call to [Mrs. Williams' counsel's] office on April 11,2005.

5. On or about February 3, 2004, counsel for the Plaintiff and the adjuster,[ ], for the Defendant, Ace American Insurance company, tentatively settled the above-captioned underinsured motorist action for $750,000 (Defendant William Work previously settled his portion of the claim to the extent of his policy limits of $100,000).

6. **The parties in this case are seeking this court's approval of the proposed settlement and entry of judgment pursuant to the requirements of Courts and Judicial Proceedings Article, Section 3–904(c). The proposed settlement does not provide compensation to the "Use"**

Plaintiffs, i.e., Michael Williams and Steven Williams, or to the Estate of Michael Williams.

13. A Confidential Release and Settlement Agreement has been prepared by Defendant's, Ace American Insurance Company, counsel. The parties wish to enter into such an agreement, and request prior court approval because of the requirements of Courts and Judicial Proceedings Article, Section 3–904(c), regarding the proportionment of funds to potential "beneficiaries", i.e. Claimants and/or "Use" Plaintiffs, and of the instructions of *Walker v. Essex*, 318 Md. 516[, 569 A.2d 645] (1990), requiring the joinder of all potential beneficiaries to this single wrongful death action and their mutual consent to settlement or this court's approval of the settlement. **In this case, all Plaintiffs, including "Use" Plaintiffs, Michael Williams and Steven Williams, have been formally notified of the pendency of this action, both by certified mail and by personal service of process; more than 30 days elapsed since the service of that process; and the "Use" Plaintiffs have not sought or done any act to join this action. The Plaintiffs, Lori Williams, individually and on behalf of her minor children, Jeremy Williams and Shane Williams, along with the Defendant, Ace American Insurance Company, seek to foreclose the possibility that the "use" Plaintiffs, Michael Williams and Steven Williams, shall make future claims against either Defendant, Ace American Insurance Company or William Work or Plaintiffs, Lori Williams, Jeremy Williams, Shane Williams and/or the Estate of Michael Williams.**

WHEREFORE, the Plaintiff, Lori Williams, Individually, and as Personal Representative of Michael Williams, and as mother and near friend for Jeremy Williams and Shane Williams, and the Defendant, Ace American Insurance Company, jointly request:

A. That the Joint Motion for Approval of Settlement and Entry of Judgment be granted;

B. That the proposed proportionment of funds to the Plaintiffs, Lori Williams, Jeremy Williams, a minor, and Shane Williams, a minor, be approved[.]

(Emphasis added).

That Motion should not have been accepted for filing because it was not accompanied by a Certificate of Service required by Md. Rule 1–321(a).[4] On May 19, 2005, both that motion and the "ORDER" granting it were docketed. The Order, which was signed on May 17, 2005, included the following provisions:

The Joint Motion to Approve Settlement and Entry of Judgment, having been read and considered, it is this *17th* day of *May*, 2005, by the Circuit Court for Baltimore County,

ORDERED, that the Joint Motion to Approve Settlement and Entry of Judgment be, and the same hereby is, *GRANTED*; and it is

FURTHER ORDERED, that the proposed proportionment of the settlement funds to Plaintiffs, Lori Williams, Jeremy Williams, a minor, and Shane Williams, a minor, are hereby *APPROVED*; and it is

FURTHER ORDERED, that the proposed proportionment shall be entered as a Judgment in favor of the Plaintiffs, Lori Williams, Jeremy Williams, a minor, and Shane Williams, a minor, against the Defendant, Ace American Insurance Company; and it is

FURTHER ORDERED, that once the Defendant, Ace American Insurance Company, tenders the payment of the $750,000.00 to the Plaintiffs, Lori Williams, Jeremy Williams, a minor, and Shane Williams, a minor, in the figure delineated in the proposed proportionment, that

---

4. Md. Rule 1–323, in pertinent part, provides:

The clerk shall not accept for filing any pleading or other paper requiring service, other than an original pleading, unless it is accompanied by an admission or waiver of service or a signed certificate showing the date and manner of making service.

Plaintiffs' counsel, [ ], shall execute an Order of Satisfaction of said Judgment; and it is

FURTHER ORDERED, that once the Defendant, Ace American Insurance Company, tenders the payment of the $750,000.00 to the Plaintiffs, Lori Williams, a minor, and Shane Williams, a minor, in the figures delineated in the proposed proportionment, that Plaintiffs counsel, [ ], shall execute an Order of Satisfaction of said Judgment; and it is

FURTHER ORDERED, that upon payment of open costs by the Defendant, Ace American Insurance Company, that any and all claims and potential claims stemming from the death of Michael Williams, as a result of a motor tort occurring on September 12, 2002, shall be and hereby will be deemed "SATISFIED IN FULL."

On June 6, 2005, Mrs. Williams' counsel filed a "LINE OF SATISFACTION OF JUDGMENT" that purported to "enter the judgment against Defendant Ace American Insurance Company as 'paid and satisfied.' "

## II.

### Michael and Steven Williams v. Work, et al.

On July 21, 2005, the Circuit Court opened Case No. 03–C–05–007925 when Mrs. Williams' counsel, **now representing the Respondents,**[5] filed a Complaint on their behalf. On August 17, 2005, Mrs. Williams' counsel filed an "AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL" against the Petitioners and two other defendants.[6] That Amended Complaint includes the following assertions and requests:

---

5. Counsel representing the Respondents in this Court did not represent them in the Circuit Court or in the Court of Special Appeals.

6. The Amended Complaint asserted claims for money damages against defendants William Charles Work, Charles Oliver Beatty, III, American Automatic Sprinkler Systems, Inc., State Auto Property & Casualty Insurance Company, Zurich American Insurance Company and Ace American Insurance Company. The merits of these claims is of no consequence to the issues that are now before us.

Plaintiffs, Steven Louis Williams, A Minor, by his mother and next friend, Donna [S], and Michael Christopher Williams, by their attorneys, [ ], sues Defendants, William Charles Work, Charles Oliver Beatty, III, American Automatic Sprinkler Systems, Inc., State Auto Property & Casualty Insurance Company, Zurich American Insurance Company and Ace American Insurance Company, in a wrongful death action pursuant to Sections 3–901, et seq., of the Courts and Judicial Proceedings Article and Maryland Rules Q40, et seq., and respectfully states as follows:

\* \* \*

2. The Plaintiffs are the children of the marriage of Michael Dwayne Williams, the Plaintiffs' father who died on September 12, 2002, and their mother, Donna [S].

\* \* \*

23. At the time of this accident, the Deceased was the father of the Plaintiffs, Steven Louis Williams and Michael Christopher Williams, but were at that time both minor children and living with their mother and legal custodian, Donna [S]. The Plaintiff[s] nevertheless are persons eligible for the benefits of the Defendant, American Automatic Sprinkler Systems, Inc.'s motor vehicle insurance policy with either or all of the Defendants, State Auto Property & Casualty Insurance Company, Zurich American Insurance Company and Ace American Insurance Company.

24. The Plaintiffs, Steven Louis Williams and Michael Christopher Williams, have duly made a claim against the applicable provisions of the policy of insurance provided by the Defendants, State Auto Property & Casualty Insurance Company, Zurich American Insurance Company and Ace American Insurance Company, for the losses sustained by Plaintiffs as a result of the death of the Deceased, their father, that were proximately caused by the negligence of the uninsured/underinsured driver, the Defendant, William Charles Work. The Plaintiffs' claims of coverage were wrongfully denied [ ] by the Defendants, State Auto Property & Casualty Insurance Company, Zurich American Insur-

ance company and Ace American Insurance Company. Said denials constitute a breach of the obligations due the Plaintiffs under the policies of insurance.

WHEREFORE, the Plaintiffs, Steven Louis Williams and Michael Christopher Williams, Surviving Children of Michael Dwayne Williams, Deceased, demand judgment against the Defendants, William Charles Work, Charles Oliver Beatty, 3rd, American Automatic Sprinkler Systems, Inc., State Auto Property & Casualty Insurance Company, Zurich American Insurance Company and Ace American Insurance Company, in the amount of Five Million Dollars ($5,000,000.00), in compensatory damages, to be proportioned pursuant to Section 3–904(c) of the Courts and Judicial Proceedings Article, plus interest and the costs of this action.

Thereafter, in both Case No. 03–C–05–007925 and Case No. 03–C–03–005338, Mrs. Williams' counsel filed a "MOTION TO REOPEN AND CONSOLIDATE" that included the following assertions and request:

2. In both of the above captioned cases, the claimants are "primary beneficiaries" as that term is defined in Section 3–904(a) of the Courts Article. The Plaintiffs in *Steven Williams, et al. v. William Work, et al.,* 03–C–05–007925, are Steven Louis Williams and Michael Christopher Williams children of the decedent as a result of the decedent's first marriage to Donna [S]. That marriage ended in divorce prior to the decedent's death. See the attached Judgment of Absolute Divorce dated March 9, 1998. There is no question that this action was filed within the limitations period. The initial Plaintiffs in *Lori Williams, et al. v. William Work, et al.,* 03–C–03–005338, were Lori Williams, the wife of the decedent at the time of his death and Jeremy Williams and Shane Williams, children of the decedent as a result of the decedent's marriage to Lori Williams. Steven Louis Williams and Michael Christopher Williams were not initially named as Plaintiffs in that action.

\* \* \*

4. In regard to the case of *Lori Williams, et al. v. William Work, et al.*, 03–C–03–005338, the parties in that case agreed as part of their settlement discussions that the Plaintiffs would and did file an amended complaint adding as "use" Plaintiffs, Steven Louis Williams and Michael Christopher Williams, and filed the attached JOINT MOTION FOR APPROVAL OF SETTLEMENT AND ENTRY OF JUDGMENT in May of 2005. The amended complaint adding the "use" Plaintiffs was mailed by certified mailed to the "use" Plaintiffs, i.e. Donna [S] for the minor child, Steven Louis Williams, and to Michael Christopher Williams, pursuant to Rule 15–1001(c). A private process server also served the use Plaintiffs. See the attached Affidavits of Private Process Service. The "use" Plaintiffs did not either file an Answer or other type of response to the amended complaint or attempt to contact counsel for any party.

5. The JOINT MOTION FOR APPROVAL OR SETTLEMENT AND ENTRY OF JUDGMENT, however, specifically did not provide anything for the claims of Steven Louis Williams and Michael Christopher Williams. In addition, the Joint Motion was filed by the parties and granted by [the Circuit Court] on May 17, 2005. Apparently, the JOINT MOTION was not served on the "use" Plaintiffs. The "use" Plaintiffs, however, did not either file an Answer or other type of response to the amended complaint or attempt to contact counsel for any party.

6. Rule 15–1001 itself does not specifically provide a time limit by which the "use" Plaintiffs, Steven Louis Williams and Michael Christopher Williams, were to respond to the amended complaint.

7. Pursuant to *Walker v. Essex*, 318 Md. 516[, 569 A.2d 645] (1990), a settlement by some of the "primary beneficiaries" to a wrongful death suit requires either the consent of all primary beneficiaries or court approval. Obviously, neither Steven Louise Williams, a minor, or Michael Christopher Williams, consented to the settlement in the case of *Lori Williams, et al. v. William Work, et al.*, 03–C–03–

005338. This court approved the settlement knowing explicitly that the claims of Steven Louis Williams, a minor, and Michael Christopher Williams were not addressed. The case of *Steven Williams, et al. v. William Work, et al.*, 03–C–05–007925, was filed to specifically address those unprovided for and legitimate claims of Steven Louis Williams, a minor, and Michael Christopher Williams.

8. Plaintiffs, Steven Louis Williams and Michael Christopher Williams, are mindful that Maryland's Wrongful Death Statute, specifically Section 3–901 of the Courts Article, and Rule 15–1001(b) specifically require a single action to address that claims of all beneficiaries to a potential claim. This Motion to Reopen and to Consolidate is being filed to address that issue, but not to disturb the previous funds allocated to settle the claims of Plaintiffs, Lori Williams, Jeremy Williams and Shane Williams.

9. Plaintiffs Steven Louis Williams, a minor, and Michael Christopher Williams do not believe that the interests of justice and due process were/are served if it is determined that their claims were terminated by the Order dated May 17, 2005. **The Plaintiffs would have consented to the settlement of the claims made by Plaintiffs, Lori Williams, Jeremy Williams and Shane Williams, exactly on the terms identified provided that their own claims would have remained open to adjudication.**

10. Furthermore, the Plaintiffs, Steven Louis Williams and Michael Christopher Williams, submit that not all potential claims were pursued against all of the potential Defendants in the case of *Lori Williams, et al. v. William Work, et. al.*, 03–C–03–005338, i.e., State Auto Insurance Company, a second underinsured motorist carrier. The Plaintiffs further submit that not only is their room for the settlement of their claims in regard to the policy limits of Defendant Ace American Insurance Company but that Defendant State Auto Insurance company has exposure as well.

11. Consequently, the above-captioned cases share identical issues of fact and law and it would be in the interests of

justice and due process to reopen the case of *Lori Williams, et al. v. William Work, et al.,* 03–C–03–005338, and to consolidate into it the case of *Steven Williams, et al. v. William Work, et al.,* 03–C–05–007925, for purposes of compliance with Rule 15–1001(b), Section 3–901 of the Courts Article and *Walker v. Essex,* 318 Md. [516] 515[, 569 A.2d 645] (1990).

WHEREFORE, the Plaintiffs Steven Louis Williams and Michael Christopher Williams, request that the cases be consolidated.

(Emphasis added).

In Case No. 03–C–05–007925, Ace filed a "THIRD PARTY COMPLAINT" against Mrs. Williams, which required that she be represented by counsel other than the lawyer who (1) represented her and her children in *Williams I,* and (2) now represented the Respondents in *Williams II.* In a series of rulings, the Circuit Court ultimately (1) denied the Motion to Reopen Case No. 03–C–03–005338, (2) granted summary judgment against the Respondents and in favor of every defendant in Case No. 03–C–05–007925, and (3) denied the requests for Attorney's Fees and Expenses filed by Ace and American Sprinkler. The Respondents noted appeals from (1) the denial of their Motion to Reopen, and (2) the summary judgments entered against them. Ace and American Sprinkler noted appeals from the denial of their requests for Attorney's Fees and Expenses.

## Discussion

As stated above, while Mrs. Williams' counsel continued to object to the "hold harmless" language in the release, Ace's counsel discovered that any settlement would be invalid unless it complied with the requirements of (1) § 3–904(f) of the Courts and Judicial Proceedings Article, (2) Md. Rule 15–1001(b), and (3) *Walker v. Essex,* 318 Md. 516, 569 A.2d 645 (1990), in which this Court stated:

When looking to the direction of § 3–904(b), we are told that "only one action under this subtitle lies in respect to the death of a person." We are also instructed that, if a

recovery or verdict is obtained in this one action, the amount recovered shall be "divided among the beneficiaries in shares directed by the verdict." The statutory language does not allow a judgment for one of the beneficiaries to be made a matter of record, as by its very nature, other claims are forever foreclosed or barred. The trial judge in this case considered the claims of the beneficiaries to be severable. The statute does not. A judgment should not have been entered in the circuit court unless it included the interests of all of the known beneficiaries.

*Id.* at 523–24, 569 A.2d at 648. Unfortunately, Mrs. Williams' counsel and Ace's counsel attempted to solve these problems with action that violated Md. Rules 1–321(a), 1–323, and 1–351.

The "JOINT MOTION FOR APPROVAL OF SETTLEMENT AND ENTRY OF JUDGMENT" was presented to the Circuit Court on May 17, 2005 should not have been presented on that date because neither of the Respondents had been (1) served with a copy of the "JOINT MOTION FOR APPROVAL OF SETTLEMENT AND ENTRY OF JUDGMENT," or (2) notified that Mrs. Williams and Ace would be applying for the entry of a judgment that—if valid—would operate to extinguish Respondents' rights. In fact, this Motion should not have been accepted for filing because it was not accompanied by a Certificate of Service required by Md. Rule 1–321(a).[7] Thus, as a result of an *ex parte* proceeding that violated Md. Rule 1–351, the Circuit Court entered a judgment that purported to satisfy "any and all claims and potential claims stemming from the death of Michael Williams."

In *Williams, et al. v. Work, et al.,* 192 Md.App. 438, 995 A.2d 744 (2010), after consolidating the appeals, designating as *"Williams I "* the action filed by Mrs. Williams, and designat-

---

7. Md. Rule 1–323, in pertinent part, provides:

    The clerk shall not accept for filing any pleading or other paper requiring service, other than an original pleading, unless it is accompanied by an admission or waiver of service or a signed certificate showing the date and manner of making service.

ing as *"Williams II "* the action filed on behalf of the Respondents, the COSA rejected Petitioners' arguments that (1) the judgment entered in *Williams I* was a "final judgment" because the Respondents had been "effectively protected" in that case, (2) the summary judgments entered in *Williams II* were legally correct, and (3) because *Williams II* "was brought in bad faith and without substantial justification," the Petitioners were entitled to recovery of all legal expenses incurred in defending the claims asserted in that case.

While concluding that no final judgment had been entered in *Williams I,* the COSA explained why the Respondents had been prejudiced by the failure to include them as use plaintiffs in that case:

> Nowhere are Steven and Michael identified on the record as use plaintiffs or as parties of any kind. Ace's answer to the Second Amended Complaint was included in the record, but there is no docket entry reflecting its filing. Had they been designated as use plaintiffs, Steven and Michael, presumably, would have been entitled to receive a copy of the judgment recorded on May 19, 2005, and that, in turn, would have provided them with an opportunity to file a timely motion to vacate that judgment under Rule 2–535(a).

*Id.* at 451, 995 A.2d at 752.

The COSA next explained why there is no merit whatsoever in the argument that, merely because the Respondents had been provided with "notice" of the fact that the case designated as *Williams I* actually existed, they were prohibited from seeking the relief that they sought in *Williams II:*

> As we see it, Rule 15–1001 is in the nature of a joinder rule or a condition precedent that requires that all known statutory beneficiaries, *i.e.,* the real parties in interest, be identified as parties to the litigation.
>
> \*     \*     \*
>
> Although Rule 15–1001(b) does not require formal joinder, the failure to include a known statutory beneficiary as a plaintiff or a "use plaintiff" in a wrongful death action and to settle without providing for that beneficiary can be analo-

gized to the failure to join a necessary party in an action where joinder is required. In our view, because of the one action rule, the failure to do so is a "defect" or "mistake" of jurisdictional proportions in the proceeding, which may be raised at any time. *See S. Mgmt. Corp. v. Kevin Willes Constr. Co.*, 382 Md. 524, 550[, 856 A.2d 626, 641] (2004) ("Failure to join a necessary party constitutes a defect in the proceedings that cannot be waived by the parties, *and may be raised at any time, including for the first time on appeal.*"). That would be true whether the failure to name the statutory beneficiary as a plaintiff or use plaintiff is attributed to a failure to file or to a clerk's error in docketing a filed pleading. In a situation where no financial provisions were made for known beneficiaries, the former is in the nature of a jurisdictional mistake and the latter is an irregularity of process or procedure. Either would permit, and, in the circumstances of this case, require, opening the judgment to protect the interests of those beneficiaries.

\* \* \*

Had Steven and Michael been properly designated as plaintiffs or "use plaintiffs," a settlement between Lori, State Farm, and Ace that excluded them from sharing in the settlement proceeds would clearly prejudice them and, as explained, would not constitute a final judgment under *Walker*. Here, the denial of the Motion to Reopen and Consolidate effectively denied Steven and Michael "the means of further prosecuting" their claims in *Williams I*. *Id.* That would permit entry of a final judgment on our own initiative under Rule 8–602(e)(1), as the Court of Appeals did in *Walker*, in order to "consider the important issue[s] involved" and to preclude the claims of Steven and Michael "from being barred from further consideration" in *Williams I. Id.*

**Ace further contends that the settlement in *Williams I* must be upheld because Steven and Michael "did not wish to disturb the settlement in [*Williams I*] upon which the final settlement was based."**

\* \* \*

Although Steven and Michael indicated that it was not their goal to "disturb the previous funds allocated to settle the claims of Plaintiffs, Lori Williams, Jeremy Williams, and Shane Williams," Ace overlooks the fact that Steven and Michael expressly stated that they "would have consented to the settlement of the claims made by Plaintiffs, Lori Williams, Jeremy Williams and Shane Williams, exactly on the terms identified *provided that their own claims would have remained open to adjudication."* (Emphasis added).

Ace argues that notice to Steven and Michael of the suit itself was all that was required, and that Steven's and Michael's decision not to "join" the suit forecloses both their participation in the *Williams I* settlement and any subsequent action on their own behalf. This argument rests on the premise that Steven and Michael had been properly designated as use plaintiffs and that Rule 15–1001 is simply a "notice" rule. It is satisfied by giving use plaintiffs notice of the action. Under this theory, once the use plaintiffs are notified, the burden falls upon them to join or intervene in the wrongful death action to protect their interests in the proceedings.

To interpret the Rule as simply a notice rule disregards: (1) the representative nature of wrongful death actions; (2) the language of Rule 15–1001(b), requiring that "all persons who are or may be entitled by law to damages by reason of the wrongful death shall be named as plaintiffs whether or not they join in the action[;]" and (3) the provisions of Cts. & Jud. Proc. § 3–904(c) relating to the award of damages to the statutory "beneficiaries" "proportional to injury resulting from the wrongful death."

\* \* \*

. . . . We do not understand "mutual consent or court approval" to mean that the circuit court could approve a settlement denying benefits to Steven and Michael, without, at least, some demonstration that a good faith effort had been made to gain their fully informed and knowing consent. *See Stone v. CSX Transp., Inc.,* 10 F.Supp.2d 602, 605

(S.D.W.Va.1998) (interpreting *Walker* to "permit settlement of wrongful death actions only if all the beneficiaries knowingly consent to a release").

Rather, we believe the language "or court approval" speaks to exceptional circumstances, such as, but not necessarily limited to, instances where the beneficiaries cannot be located or agreement as to appropriateness of settlement or the allocation of the settlement proceeds cannot be reached among the beneficiaries. In other words, "court approval" becomes an option only when there has been some effort to achieve the knowing consent of all the known beneficiaries. **Here, not only did counsel for Lori and her children purposefully avoid any contact with the use plaintiffs, neither party notified Steven and Michael of the terms of the settlement, much less actively sought Steven's and Michael's consent to the Settlement Agreement[.]**

\*      \*      \*

**Although their respective motivations, and, perhaps, even their understandings of the effect of settlement, may have differed, the objective of Lori and Ace was to settle *Williams I* without providing for Steven and Michael, both minors at the time of their father's death and when *Williams I* was initiated, and to foreclose Steven and Michael from bringing claims against Work, Ace, Lori, or decedent's estate. Neither Lori nor Ace nor the circuit court had the authority to deny Steven and Michael a recovery for their father's death under the Wrongful Death Statute.**

On remand, the circuit court must vacate the judgment and the settlement approved in *Williams I* and grant the motion to consolidate the cases, keeping in mind that all statutory beneficiaries are to be either plaintiffs or use plaintiffs in the consolidated case.

*Id.* at 452–463, 995 A.2d at 753–760. (Italicized emphasis in the original, emphasis otherwise supplied, footnotes omitted).

The COSA then reversed the summary judgments entered in *Williams II* on the ground that "the [Circuit] court's grants

of summary judgment in *Williams II* were based on the mistaken belief that a wrongful death action had been finally adjudicated [in *Williams I* ]," and thereafter explained why the "one action" rule did not apply to any of the *Williams II* defendants who had not been sued in *Williams I*:

> Moreover, Beatty, American Sprinkler, and Zurich were not named as defendants in *Williams I*, and, therefore, the grant of summary judgment in their favor based on the "one action" rule was error. As the Court of Appeals observed in *State use of Bashe v. Boyce*, 72 Md. 140, 143–144 [19 A. 366] (1890), "[the wrongful death statute] never contemplated depriving a plaintiff of the right to sue separately different joint tort-feasors, though, of course, there can be but one satisfaction, no matter how many judgments may be recovered." More recently, the *Walker* Court explained, "[T]he purpose of the one action rule is to protect *a defendant* from being vexed by several suits instituted by or on behalf of different equitable plaintiffs for the same injury, when all the parties could be joined in one proceeding." 318 Md. at 523, 569 A.2d 645. (Emphasis supplied).

*Id.* at 464–65, 995 A.2d at 760.

The COSA's opinion concluded as follows:

> In conclusion, we hold in *Williams I* that the proposed settlement agreement between Ace, Work, Lori, and her children, and the judgment based on that settlement, must be vacated and remanded to the circuit court for further proceedings. In *Williams II*, we affirm the denial of attorney's fees to Ace but reverse the grants of summary judgment in favor of all defendants. We instruct the circuit court to consolidate *Williams I* and *Williams II* in any further proceedings. **Our decision in this case is without prejudice to any claims of release and estoppel between and among the various parties in the litigation.**
>
> **We feel the obligation to comment that these cases present what appear to us to be clear conflict issues for [Mrs. Williams' trial counsel] in his continued representation of parties to this litigation. In doing so, we**

recognize that we are not privy to the engagement and possible conflict disclosure agreements that might exist between Donna, Michael, and counsel in *Williams I.* Nor are we privy to any agreement that might exist between Lori and counsel related to *Williams II* and counsel's efforts to reopen *Williams I.* It would appear, however, that both Lori's settlement and Steven and Michael's potential recovery have been compromised by counsel's successive representations of Lori and her children in negotiating the settlement with Ace and then of Stephen and Michael in attempting to vacate the settlement.

*Id.* at 467–68, 995 A.2d at 762. (Emphasis supplied).

We agree with the COSA's interpretation of Md. Rule 15–1001(b), which is entirely consistent with our holding in *Walker v. Essex, supra,* as well as with the provisions of CJ § 3–904. We also share the COSA's concerns about the yet to be resolved issues that have arisen as a result of the procedural violations in *Williams I* and the "successive representations" of plaintiffs who may well have a "conflict as to their respective entitlements." We shall therefore adopt the above quoted portions of the COSA's opinion and affirm the judgment of that Court.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED; 70% OF THE COSTS TO BE PAID BY PETITIONER ACE AMERICAN INSURANCE COMPANY; 20% OF THE COSTS TO BE PAID BY PETITIONER AMERICAN AUTOMATIC SPRINKLER SYSTEMS, INC.; 10% OF THE COSTS TO BE PAID BY PETITIONER ZURICH AMERICAN INSURANCE COMPANY.**